In the Matter of the Claim of MARGARET McPADDEN, Respondent, against ST. GEORGE'S CHURCH et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — master and servant — cook employed by church which had insured its employees entitled to compensation for injury from fall on kitchen floor.*

*Matter of McPadden v. St. George's Church,* 214 App. Div. 829, affirmed.

(Argued February 24, 1926; decided March 30, 1926.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered July 1, 1925, unanimously affirming an award of the State Industrial Board made under the Workmen's Compensation Law. Claimant, while employed as cook by a religious corporation, tripped and fell on the kitchen floor receiving injuries for which compensation has been awarded, the employer having elected to insure its employees. Objection to the award was made upon the ground that claimant was employed as a domestic servant and, therefore, was not covered by the Workmen's Compensation Law.

*Jeremiah F. Connor* and *William Butler* for appellants.

*Albert Ottinger,* Attorney-General (*E. C. Aiken* of counsel), for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, CRANE, ANDREWS and LEHMAN, JJ. Absent: CARDOZO and McLAUGHLIN, JJ.

---

In the Matter of the Claim of ETTA GIBBS, Respondent, against R. H. MACY & CO., INC., et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — master and servant — store detective injured on way home after attending court in the course of her employment entitled to compensation.*

*Gibbs v. Macy & Co., Inc.,* 214 App. Div. 335, affirmed.

(Argued February 24, 1926; decided March 30, 1926.)

· APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial

department, entered November 10, 1925, unanimously affirming an award of the State Industrial Board made under the Workmen's Compensation Law. Claimant was employed as a store detective. She left her home Sunday morning and went to a Magistrate's Court where she had a shoplifting case. After the case was disposed of she left the court and on her way home was struck by a motorcycle and injured. It was contended that the injuries did not arise out of and in the course of claimant's employment.

*Jeremiah F. Connor* and *William Butler* for appellants.

*Albert Ottinger, Attorney-General* (*E. C. Aiken* of counsel), for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, MCLAUGHLIN, CRANE and LEHMAN, JJ. Not voting: ANDREWS, J. Absent: CARDOZO, J. _____

In the Matter of the Claim of PAULINE S. BECKER et al., Respondents, against AUGUST SCHUL et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — master and servant — farm laborer killed while operating farm machinery — dependents entitled to compensation where master had taken out insurance.*

*Becker* v. *Schul,* 214 App. Div. 743, affirmed.

(Argued February 24, 1926; decided March 30, 1926.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered June 16, 1925, unanimously affirming an award of the State Industrial Board made under the Workmen's Compensation Law. The claim was for the death of a farm laborer who was killed in the course of his employment while operating farm machinery. His employer had taken out a policy of insurance covering all persons operating farm machinery. It was contended that deceased being employed as a farm laborer his dependents were not entitled to an award.