In the Matter of the Claim of LUKE SMITH, Respondent, against DIAMOND MATCH COMPANY and STATE INSURANCE FUND, Appellants. STATE INDUSTRIAL BOARD, Respondent.— While engaged in his work on a moving truck on the employer's premises, claimant's head came into violent contact with a large metal pipe under which the truck was passing. His head was lacerated and he suffered a concussion of the brain, and he was knocked to the ground and received substantial injuries to other parts of his body, from all of which he suffered surgical shock for many hours thereafter. The carrier complains that the hypothetical question put to the medical experts recites assumptions of fact that are not warranted by evidence, viz., that the claimant's head was struck " with great force," that he suffered a " severe concussion of the brain," and that the claimant was " unconscious." The evidence justified the assumptions that the claimant was struck with great force, and that he had a severe concussion of the brain. In its objections to the hypothetical question the carrier particularized the assumptions of which it complained, and the hypothetical question was changed accordingly. But the carrier did not object to the assumption that the claimant was unconscious. The referee is not presumed to be learned in the law, and when the grounds of objection are particularized, those particulars may not thereafter be enlarged on appeal. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of CARRIE B. BENNETT, Respondent, against MARINE WORKS, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent. — Appeal by employer and insurance carrier from an award and decision of the State Industrial Board made and entered on April 2, 1936, awarding death benefits to widow of deceased employee. The award is contested upon the ground that the accident which resulted in the death of respondent's husband did not arise out of and in the course of deceased's employment. Deceased was employed as a salesman, estimator and supervisor of repairs on ships. His work entailed going aboard steamships in New York and other ports. He left his residence at East Orange, N. J., early in the morning to go directly to a ship then in dock at Brooklyn. He was injured while preparing to board a train for New York at the East Orange railroad station. On the few occasions when he would report directly to his employer's office at 237 Water street, New York city, he traveled upon a later train. When traveling upon business his expenses were paid by the employer. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.