Marion G. Barber, Respondent, *v.* Jewel Tea Co., Inc., and Gerald Bennett, Appellants.

Jennie M. Barber, Respondent, *v.* Jewel Tea Co., Inc., and Gerald Bennett, Appellants.

Third Department, October 27, 1937.

*Schwarte, Slade, Harrington & Goldsmith* [*John A. Slade* of counsel], for the appellant Jewel Tea Co., Inc.

*John J. O'Malley,* for the appellant Gerald Bennett.

*Butler, Kilmer, Hoey & Butler* [*Charles L. Hoey* and *Clarence B. Kilmer* of counsel], for the respondents.

Rhodes, J. On the evening of October 23, 1936, the plaintiff Jennie M. Barber was riding as a passenger in a car owned and operated by her daughter, the plaintiff Marion G. Barber. While proceeding easterly along Warren street, in the city of Glens Falls, N. Y., the defendant Bennett, while proceeding westerly along said street for the purpose of turning into Bennett's driveway, made a left-hand turn in front of plaintiffs and the accident occurred, resulting in the damages in question.

Plaintiff Marion G. Barber was awarded a verdict of $130 damages to her car, and Jennie M. Barber was awarded a verdict of $1,500 for personal injuries.

Defendants object that the verdicts are excessive and raise the further point that the defendant corporation is not liable for the reason that its automobile truck at the time of the accident was not being used in its business or with its permission, but was being used by Bennett for his own private purposes and contrary to the express directions of the corporation.

Bennett was route manager for the corporation over an assigned route which included the city of Glens Falls. His duties were to take and deliver orders, make collections and procure new customers. He testified that his instructions were to take the car to the garage immediately after his work was completed, but he also testified his hours varied; that he did not leave his route until his work was done; that frequently he worked and used the car making collections after his dinner at night. During the summer it was his practice to lock the car and leave it in his yard over night, taking it to the combined storehouse and garage in the morning for the purpose of loading it with stock. On different occasions representatives of the company had come to his house and gone over his accounts with him.

On the evening in question he knew that an assistant manager was coming to his house and he drove to the house to meet him.

Objection is made to an error in the charge wherein the court said to the jury: " The burden of proof as to the permission of the defendant Bennett to drive the car is upon the Tea Company." He further charged: " Having given him the car to use, the presumption would be that he had the right to use it, and the burden of proof would be on the defendant to show that the use that he made of it was not permitted." This latter statement is correct. While it is true that the burden of proof, that is, the burden of proving the cause of action, at all times remained upon plaintiffs, the duty to go forward with proof and overcome plaintiff's proof had been shifted to the defendants and the jury properly found that the defendants had not overcome the weight of evidence produced by plaintiffs.

Any error, therefore, involved in the charge of the court in this respect was highly technical and academic.

The judgments should be affirmed, with one bill of costs.

HILL, P. J., McNAMEE, CRAPSER and BLISS, JJ., concur.

Judgments affirmed, with one bill of costs.