ANNABELLE HAASE, as Administratrix, etc., of GEORGE HAASE, Deceased, Respondent, *v.* CITY OF BUFFALO and MICHAEL A. McCARTHY, Appellants.

Fourth Department, November 16, 1938.

*David Diamond*, Corporation Counsel [*Bart J. Shanahan* of counsel], for the appellant City of Buffalo.

*Walter J. Mahoney*, for the appellant Michael A. McCarthy.

*Herbert W. Holtz* [*William J. Flynn* of counsel and *Philip A. Laing* with him on the brief], for the respondent.

DOWLING, J. On April 21, 1937, about nine-thirty P. M., one Gordon was engaged in backing an automobile convoy truck from the Wolcott service station into Main street, Buffalo, N. Y. George Haase, an employee of that station, was standing in Main street directing the operation. As the rear of the trailer reached the center of the street, Haase was struck and fatally injured by an automobile owned by the city of Buffalo and driven by Michael A. McCarthy, an employee in the department of parks. Frank A. Coon, commissioner of that department, was McCarthy's superior. To recover damages for the death of Haase, action was begun against the city of Buffalo, Coon and McCarthy. On the trial the complaint was dismissed as to Coon and recovery was had against

the city and McCarthy. From the judgment entered these defendants have appealed.

For the purposes of this appeal the city of Buffalo concedes that it owned the car McCarthy was driving; that McCarthy was an employee of the city; that McCarthy was negligent; that the decedent was free from contributory negligence, and that the verdict is not excessive. McCarthy presented no brief on this appeal.

The city of Buffalo furnished a car to Coon for use in the discharge of his official duties. For a period of three years prior to the accident McCarthy had driven this car under Coon's direction and supervision. McCarthy was an experienced chauffeur and a trusted employee. He lived in a city-owned house, 205 Jewett parkway. McCarthy usually worked from eight-thirty A. M. to six or six-thirty P. M. Most of the employees in the park department began work at eight-thirty A. M. and quit at four-thirty P. M. Occasionally Coon required McCarthy's services in the evening when Coon had to represent the city at some function or meeting involving his department. The city owned a municipal airport which was also under the supervision of Coon. (Charter of City of Buffalo, § 202.)

On the evening of the accident Coon had three engagements: (1) Attendance at a social gathering at 90 Dana road; (2) delivery of a broadcast over Station WBNY on the subject " Park Recreation Facilities and Fees;" (3) to board a train for New York to keep an appointment with the American Air Lines relative to leasing space in the airport. The New York engagement was official. The other two were personal. McCarthy drove Coon to his home on Linwood avenue arriving there at six-fifteen, waited while Coon dressed and then carried him to 90 Dana road, arriving there about seven-fifteen. Coon instructed McCarthy to be at Dana road at eight o'clock as he expected to leave for station WBNY about eight-fifteen. As McCarthy had had nothing to eat all day, he drove to the Deco lunch on Main and Utica streets, had a cup of coffee and two doughnuts and then returned to Dana road as directed. Coon joined him and they went to station WBNY where Coon delivered his broadcast. At nine o'clock they returned to Dana road. Coon testified: " Q. What instructions did you give McCarthy, if anything? A. I told him that he could go and come back for me at 10:15. * * * Q. So that that was the extent of the instructions that you gave, to call back about 10:15? A. Yes." McCarthy testified that Coon told him to be back at ten-fifteen. On cross-examination by counsel for the city he testified that, after the broadcast, Coon told him he could have the evening off until ten-thirty when he was to pick Coon up at Dana road.

McCarthy also testified that it was raining quite hard when they returned to Dana road after the broadcast; that he was hungry; that his wife's illness and the distance of his home from Dana road (two and one-quarter miles) rendered it inadvisable for him to go there; that he knew of no restaurants in the vicinity of Dana road; that he decided to go to the Deco lunch, where he had been " a hundred times before," for his supper, and, if there was time after he had eaten, he intended to visit his brother; that the accident occurred before he reached the Deco lunch.

These are the facts and the question of law is whether they afford any evidence upon which it could reasonably be found that the accident occurred while McCarthy was engaged in the course of his employment. The trial court thought they did, and disposed of the question by holding as matter of law. that the accident happened while McCarthy was engaged " within the scope of his employment." To this ruling the city alone excepted. Appellants concede that the facts relating to this issue presented a question of law only. The correctness of this ruling is the only issue stressed by appellants.

Do the facts support the ruling complained of? We think they do. McCarthy disobeyed no instructions. The requirements of his employment that day had prevented him from having his usual evening meal. He was hungry. Food was necessary for the continuance of his work. He did not " step out of his employment " when he started for the Deco lunch to procure an emergency meal. (*Sztorc* v. *Stansbury, Inc.*, 189 App. Div. 388, 390; *Matter of Moore* v. *Lehigh Valley Railroad Co.*, 169 id. 177, 186; *Markowitz* v. *National Headwear Co.*, 213 id. 461, 463; *Matter of Martino* v. *Blue Ridge Coal Co.*, 248 id. 660; *Barber* v. *Jewel Tea Co., Inc.*, 252 App. Div. 362, 363; affd., 278 N. Y. 540; *Clawson* v. *Pierce-Arrow Motor Car Co.*, 231 id. 273, 275; *Matter of Madura* v. *City of New York*, 238 id. 214, 216; *Matter of Norris* v. *N. Y. C. R. R. Co.*, 246 id. 307, 310–313; *North Carolina R. R. Co.* v. *Zachary*, 232 U. S. 248, 260; *Matter of Bollard* v. *Engel*, 278 N. Y. 466.)

The question under review was well decided by the learned trial court and the judgment should be affirmed, with costs.

All concur. Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

Judgment affirmed, with costs.