ANNA DAVIS, Appellant, v. MAINTUP HOLDING CORP., Respondent.— Judgment affirmed, with costs.  All concur.  (The judgment affirms a judgment of the Buffalo City Court dismissing the complaint in a negligence action.)  Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.

MERWYN DAVIS, Appellant, v. MAINTUP HOLDING CORP., Respondent.— Judgment affirmed, with costs.  All concur.  (The judgment affirms a judgment of the Buffalo City Court dismissing the complaint in a negligence action.)  Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.

WILLIAM S. GOUINLOCK, Respondent, v. HENRY SZYMANSKI, Appellant.— Judgment and order affirmed, with costs.  All concur.  (The judgment is for plaintiff in an automobile negligence action.  The order denies a motion for a new trial.)  Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.

CHARLES M. AMMON, as Administrator, etc., of AUGUSTA M. AMMON, Deceased, Appellant, v. LOBLAW GROCETERIAS, INC., OF BUFFALO, Respondent.— Order modified and as modified affirmed, without costs of this appeal to either party. All concur.  (The order grants defendant's motion for a bill of particulars.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

THE ALLIANCE INSURANCE COMPANY, Appellant, v. BUDLONG, FRIEDLICH & KAVANAGH, INC., Respondent.— Order affirmed, with ten dollars costs and disbursements.  Memorandum: The counterclaim alleges the technical requisites for an action in deceit.  Anticipated difficulty in proving damages does not warrant our saying there are no damages.  We, therefore, are of the opinion that the issues raised by the reply call for a determination at the Trial Term.  All concur, except Taylor, J., who dissents and votes for reversal on the ground that in his opinion there is no basis for damages.  (The order denies plaintiff's motion to strike out defendant's answer and for summary judgment, in an action, on a contract.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

THEODORE ULM, Respondent, v. THE WESTERN UNION TELEGRAPH COMPANY, Appellant.— Judgment and order affirmed, with costs.  Memorandum: Even under the court's charge as given, the jury could find that the defendant's messenger boy was on the business of defendant at the time of the accident.  The boy's superior officer did not instruct him to return to defendant's office after delivering his last message for the day, but told him to go to his home and spend the night before coming back to the office to turn in his uniform; and it was while going from the place where the message was delivered to his home that the messenger had the accident which injured plaintiff.  Furthermore, the messenger's duties, in connection with the delivery of the message, were not completed until he made the report which is in the record.  All concur.  (The judgment is for plaintiff in a negligence action.  The order denies a motion for a new trial.)  Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.