WILLIAM SHAUNTZ, Appellant, *v.* SCHWEGLER BROTHERS, INC., Respondent, and WILLIAM J. DUGAN, Defendant.*

Fourth Department, May 8, 1940.

*John F. McNulty*, for the appellant.

*A. T. O'Neill* [*Frank M. Osta* of counsel], for the respondent.

CUNNINGHAM, J.   At the close of plaintiff's case the court granted a motion dismissing the complaint as against the defendant Schwegler Brothers, Inc.   The defendant William J. Dugan did not appear or answer in the action, but he was called as a witness by the plaintiff.   The plaintiff has appealed from the judgment dismissing the complaint.

The plaintiff was driving an automobile in the city of Niagara Falls when a car owned and operated by the defendant William J. Dugan collided with plaintiff's car and plaintiff seeks to recover damages for injuries to himself and to his car.   There is evidence from which it could be found that the collision was caused by the negligence of Dugan.

Dugan was employed by the defendant Schwegler Brothers, Inc., as a service man.   He serviced refrigerators, electric ranges, washing machines, vacuum cleaners and general electrical appliances.   He went from one customer to another and aided in the installation, repair and servicing of electrical equipment sold by the defendant corporation.   There was evidence from which it could be inferred that Dugan used his own automobile to journey from one job to another with the knowledge and consent of the defendant corporation.

The defendant corporation is liable if Dugan was using the automobile with its knowledge and consent and in its business. (*Burdo* v. *Metropolitan Life Ins. Co.*, 254 App. Div. 26, 28; affd., 279 N. Y. 648.)

The question, therefore, arises as to whether Dugan was in the course of his employment at the time of the accident.

According to Dugan's testimony he left the store of the defendant corporation at about five o'clock in the afternoon to take a motor to Norton's on Cleveland avenue.   He had been there earlier that day to pick up a defective motor and take it to the store for repairs. He was returning there with another motor to be used while the defective one was being repaired.   When he left the store he took another employee with him and they went first to Mara's Lunch Room on Nineteenth street.   The proprietor of the lunch room, who was a customer of the defendant corporation, complained

about his refrigerator and Dugan checked up on the refrigerator. They stayed there about one-half hour. From there they went to Norton's on Cleveland avenue. It took about an hour to install the motor and check it. It was a little after seven when they left there. While they were working at Norton's on Cleveland avenue a call came in to go to Pine avenue and check a refrigerator. Dugan and his fellow employee then went to Pine avenue. Here they were joined by a third employee of the defendant corporation. They were there checking the refrigerator for about an hour. From there they went to Twenty-seventh street to a butcher shop and grocery store and worked on a commercial job. Then the three of them went back to Mara's Lunch Room to check the refrigerator again. It was after nine o'clock when they got there. They stayed there possibly ten or fifteen minutes. Dugan left Mara's Lunch Room alone and started home. Twenty-fourth street is the most direct route to his home from Mara's and the accident happened at the corner of Ferry avenue and Twenty-fourth street. Dugan had his tools with him in the car and could be called upon to do work for his employer at any time up to half-past eleven.

Upon this testimony we are of the opinion that a jury could have found that Dugan at the time of the accident was within the scope of his employment. This opinion is supported by numerous decisions of the courts of this State.

In *Matter of Marks* v. *Gray* (251 N. Y. 90) it was held that in many instances the perils of travel on a highway are related to the employment of the traveler. In the opinion it was stated that the test as to such relation is whether it is the employment or something else that has sent the traveler forth upon the journey, and that service to the employer must at least be a concurrent cause of the accident.

In *Matter of Bennett* v. *Marine Works, Inc.* (248 App. Div. 930; 273 N. Y. 429), a claim for workmen's compensation was made by the widow of an employee of the corporation. The deceased was an outside salesman, estimator and supervisor of repairs. He visited ships at docks in various cities and his expenses were paid by the company. On the morning of the accident he planned to take a train and go directly to a ship docked in Brooklyn to supervise the installation of a food chopper. At the railroad station in his home town he was struck and killed by a train. The determination of the Industrial Board that he was in the course of his employment at the time of the accident was affirmed by the Appellate Division and the Court of Appeals. In the opinion of the latter court it was pointed out that in determining whether an employee is in the course of his

employment at the time of an accident distinction has been made between employees whose work is done on the premises of the employer and outside employees who have no fixed place in which their work is done. The Court of Appeals further said that as to outside employees employment begins when they commence the journey from home towards the first customer; that in previous decisions it had been held that salesmen were in the course of their employment when they were on their way home from visiting customers or from the office of their employer. And it was held that the rule for inside employees could not be applied fairly to outside employees.

In *Gibbs* v. *Macy & Co., Inc.* (214 App. Div. 335; affd., 242 N. Y. 551), the claimant was a store detective who spent most of her working hours in the store of her employer. It was part of her duties occasionally to go to court to testify in shoplifting cases. At the time of the accident she had been called to court on Sunday morning and she was on her way home when she was injured. It was held that she received her injuries in the course of her employment.

In *Matter of Jessup* v. *Wrigley* (250 N. Y. 563) it was held that an employee, whose duty it was to go at night to his employer's greenhouses and tend to the fires, and who was killed on his way to his home from the greenhouses, was at the time of the accident in the course of his employment.

In *Matter of Crowell* v. *American Fruit Growers, Inc.* (253 N. Y. 543) it appeared that the claimant's son was employed by the American Fruit Growers, Inc., to solicit business in the village of Milton among other places. When he was returning from that village, where he had been seeking orders for his employer, the car which he was driving went over an embankment and he was killed. It was held that at the time of the accident he was in the course of his employment.

In *Matter of Theyken* v. *Diplomat Products, Inc.* (268 N. Y. 658) it appeared that the claimant's husband was a traveling salesman for the Diplomat Products, Inc., and lived in Port Jefferson, Long Island. He spent Saturday in the New York city office of his employer and, after accounting for collections, receiving instructions and conferring with other employees, he left for his home. On the way he met with an accident and was killed. It was held that he was in the course of his employment at the time of the accident.

In *Matter of Graves* v. *Tide Water Oil Sales Co.* (249 App. Div. 911; affd., 275 N. Y. 583) a sales agent employed by the company called on various customers and made some collections and then attended a dinner given to an employee of the company. He was

killed on his way home from the dinner. The Appellate Division held that when the accident happened he was on his regular route to his home and that it was necessary for him to be at the place of collision in order to reach his home from his work.

In *Burdo* v. *Metropolitan Life Ins. Co.* (*supra*) it appeared that plaintiff's intestate died as a result of injuries received when struck by an automobile owned and driven by defendant's assistant manager, whose duty it was to solicit new business and collect premiums. The defendant's employee was on the direct route to his home from the residence of the last policyholder upon whom he called on the day of the collision. It was held that at the time of the accident defendant's employee was engaged in the performance of the duties for which he was employed.

In *Ulm* v. *Western Union Telegraph Co.* (258 App. Div. 776; affd., 282 N. Y. 645) it appeared that the plaintiff, who was crossing the street, was run into by a messenger boy of the defendant and was injured. The messenger boy was riding a bicycle at the time and was wearing his uniform. He was on his way home from the place where he had delivered his last message for the day. It was held that at the time of the accident he was engaged in the business of the defendant.

If in the case at bar the jury should find that the proprietor of Mara's Restaurant was a customer of the defendant corporation and that it was Dugan's duty to service refrigerators of the customers of the defendant corporation and that Dugan did service Mara's refrigerator and at the time of the accident was on the direct route from such restaurant to his home, then, under the authorities cited, the jury would have the right to find that Dugan at the time of the accident was engaged in the business of the defendant corporation. Especially is this so in view of the fact that Dugan was carrying in his automobile tools which were required in the performance of his duties and that he was subject to orders of the defendant corporation and could be called from his home to do work until eleven-thirty o'clock at night. (*Haase* v. *City of Buffalo*, 255 App. Div. 357.)

The judgment and order should be reversed upon the law and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and McCURN, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event.