*473 Burke, J. (dissenting).
The real issue presented in this case is whether there is any basis in precedent or policy for distinguishing between an employee’s acts in the “course of” his employment and an employee’s acts in the “scope of” his employment. The majority cites no authority for the distinction for the very good reason that an examination of the cases indicates that the courts of this State have used the phrases interchangeably in both negligence and workmen’s compensation cases (see, e.g., Riley v. Standard Oil Co., 231 N. Y. 301, 304; Michigan Mut. Liab. Co. v. State of New York, 31 A D 2d 780; see, also, Cooner v. United States, 276 F. 2d 220, 229-230 [4th Cir.] [applying New York law in a suit brought under the Federal Tort Claims Act]). In fact, in Shauntz v. Schwegler Bros. (259 App. Div. 446), cited by the majority, the court cited seven workmen’s compensation cases dealing with the phrase ‘ ‘ course of employment ’ ’ as authority for its decision on the issue of “ scope of employment ”. It is clear then that there is no such clear-cut dichotomy between the legal content of the phrases as the majority opinion would seem to indicate. The workmen’s compensation cases are relevant here not because we are somehow “ bound ” by them but because they point the way to a reasonable and consistent conclusion with respect to the employer’s liability in a negligence action arising from an accident which has already been held to have occurred in the “ course of ” the employee’s employment.
Of particular relevance in this case, as distinguished from the vague and theoretical question of ‘ ‘ right to control ’ ’, is the test for liability posited by former Chief Judge Cardozo in Matter of Marks v. Gray (251 N. Y. 90, 93-94): “ The test in brief is this: If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own ” (citation omitted).* The undisputed facts in the present case clearly *474 indicate that that test has been met. Sandilands’ temporary employment at a work site 80 miles from his permanent station and home in Buffalo created the necessity for his travel between Buffalo and the work site. While so traveling, he was clearly acting in furtherance of his employment and this has already been determined by the fact that he has been awarded compensation benefits for the injuries which he received in that same accident. The mere fact that his traveling back and forth was motivated by his desire to see his family occasionally in no way detracts from the fact that the trips would not have been made at all had it not been for his assignment to a distant work site.
In addition, it should be recognized that the fact that the State paid Sandilands ’ travel expenses for these trips is significant not because it has any relation to some theoretical “ right to control ” but precisely because it indicates that the State recognized that Sandilands ’ employment necessitated such travel and acquiesced in his use of his own automobile for that travel. Thus, it is difficult to conclude that it would be somehow “unfair” to impose liability on the State for its employee’s negligence when the State itself necessitated the use of the instrumentality through which the death of the claimant’s intestate occurred. Was it “ unfair ” to impose the same liability on the employers involved in Burdo v. Metropolitan Life Ins. Co. (254 App. Div. 26); Ulm v. Western Union Tel. Co. (258 App. Div. 776), and Schwindt v. Thompson (249 App. Div. 639) f If it had been considered unfair, the liability presumably would not have been imposed and there is no logical reason for treating the State of New York differently in the present case. Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Fuld and Judges Bergan, Breitel, Jasen and Gibson concur with Judge Scileppi ; Judge Burke dissents and votes to affirm in a separate opinion.
Order reversed, without costs, and the claim dismissed.

 The citation omitted, Clawson v. Pierce-Arrow Motor Car Co. (231 N. Y. 273), is illustrative of the equivalency of the two phrases sought to he distinguished here since that case involved a common-law negligence issue as to whether the employee was “engaged in the employer’s business” at the time of the accident. Matter of Marks V. Gray (supra) has in turn been cited in negligence cases such as Shauntz (supra) and Rosenberg v. Syracuse Newspapers (248 App. Div. 294), both cited by the majority.