A. Jack Rappaport et al., as Executors of Henry Barnum, Deceased, et al., Respondents, *v.* International Playtex Corporation, Appellant. (Action No. 1.)

Dana M. King et al., Respondents, *v.* International Playtex Corporation, Appellant. (Action No. 2.)

Third Department, February 14, 1974.

*Chernin & Gold (John Rittinger* of counsel), for appellant.

*Rappaport, Kaman & Hull (Mark L. Rappaport* of counsel), for A. Jack Rappaport and another, respondents.

*Carmien & Young (Donald C. Carmien* of counsel), for Dana M. King and another, respondents.

COOKE, J.  This is an appeal from an order of the Supreme Court at Special Term, entered June 29, 1973 in Broome County, which denied a motion pursuant to paragraphs 1 and 7 of subdivision (a) of CPLR 3211 to dismiss the complaints in both actions.

These actions for personal injuries and wrongful death arise out of an accident on October 10, 1971 involving automobiles owned and operated respectively by Joel R. Davis and Henry Barnum, the latter having subsequently died.  Actions by Barnum's representatives and by the other occupants of his car were instituted against Davis, during the course of which Davis was examined before trial on September 27, 1972.  A month later, the instant actions were commenced against International Playtex Corporation, the gravamen of the complaints being that, at the time of collision, Davis was operating his vehicle in the course of and in the scope of his employment with said corporation.

In support of its motion to dismiss, defendant submitted three affidavits: one, by one of its attorneys to which was attached a transcript of Davis' examination before trial taken in the earlier actions, together with expense vouchers of Davis for the period during which the accident occurred; a second, by defendant's manager of sales administration to which was appended an interoffice note received by him from Davis stating that the latter "was *not* using the car for business when the accident happened"; and third, by a claims representative for defendant's insurer to which was affixed a transcript of a telephonic interview with Davis.  In opposition, plaintiffs furnished an affidavit of one of their attorneys which does not dispute the factual matter submitted in movant's papers but challenges the affidavits as being self-serving, as not having been subjected to extensive cross-examination and as raising factual issues which can and should be resolved only by a jury.  We need not address ourselves to the question of whether the affidavits, the deposition transcript and the interview record qualify as documentary evidence under CPLR 3211 (subd. [a], par. 1) (see 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3211.07; Practice Commentaries by David D. Siegel, C3211:10, McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3211, pp. 15–17), since the motion for dismissal was also grounded on paragraph 7 of said subdivision, that the challenged pleadings fail to state a cause of action.  If the motion under paragraph 7 is made on the face of the pleading alone, then it assumes, *arguendo*, the truth of all the allegations of the cause of action

or defense and everything reasonably to be implied therefrom (*Foley* v. *D'Agostino,* 21 A D 2d 60, 65; Wachtell, New York Practice Under the CPLR [4th ed.], p. 177), but when, as here, the moving party offers matter extrinsic to the pleading the court need not assume the truthfulness of the pleaded allegations, the criterion to be applied in such a case being whether the opposing party actually has a cause of action or defense, not whether he has properly stated one (*Kelly* v. *Bank of Buffalo,* 32 A D 2d 875; *Hamilton Print. Co.* v. *Ernest Payne Corp.,* 26 A D 2d 876; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3211.44).

Proof was advanced that during October, 1971 Davis was employed as a salaried outside salesman by Playtex in a 16-county area surrounding Syracuse, New York, having been employed in such a capacity by said concern for 21 years; that his duties included selling the employer's products directly to retail stores and preparing reports and orders relating to such sales; that Davis did not have an office but worked out of his home at Cazenovia, New York; that he was required to own and operate a motor vehicle as a condition of his employment, for which he received a flat monthly reimbursement, most of his employment travel being by car; that he had no set hours of employment but worked whenever it was necessary including weekends; and that he was urged by his district manager to work evenings and weekends.

There was also a factual showing that on the day of the accident, a Sunday, Davis worked during a part of the morning at his home on the inventory of Dey Brothers of Syracuse, the customer he intended to visit the following day; that he left for his then separated wife's home at Cazenovia arriving about 1:30 P.M. and departing two hours thereafter with the unfinished paper work of the morning still in his vehicle; that his destination at the time of the accident was the Canastota home of Madeline Reynolds, whom he later married; that Davis stated the purpose of the trip to the Reynolds home was " to do paper work and visit at my friend's house, and have dinner at my friend's house "; that he also stated that besides visiting his friend he had another purpose in going to her home, that he intended to do more work on the Dey account, adding " I do my weekly call reports for two days over there on Sunday, and I have that with me and also I have some other records and orders that I have to make out, so on, key accounts and books to close "; and that it was normal for Davis to do paper work every Sunday wherever he happened to be.

Under the doctrine of *respondeat superior*, an employer will be liable for the negligence of an employee while the latter is acting in the scope of his employment (*Sauter* v. *New York Tribune*, 305 N. Y. 442, 444–445) and "an employee acts in the scope of his employment when he is doing something in furtherance of the duties he owes to his employer and where the employer is, or could be, exercising some control, directly or indirectly, over the employee's activities" (*Lundberg* v. *State of New York*, 25 N Y 2d 467, 470; *Irwin* v. *Klein*, 271 N. Y. 477, 485; *Durkin* v. *William's Tree Surgeons*, 37 A D 2d 685; 2C Warren's Negligence, p. 161). As a general rule, an employee driving to and from work is not acting in the scope of his employment, but an exception to this rule would exist, in the case of an employee who uses his car in furtherance of his work and while he is driving to a business appointment, since such a person is working and under his employer's control from the time he leaves the house in the morning until he returns at night (*Lundberg* v. *State of New York, supra,* p. 471; *Cooke* v. *Drigant,* 289 N. Y. 313, 316–317; *Shauntz* v. *Schwegler Bros.,* 259 App. Div. 446; *Burdo* v. *Metropolitan Life Ins. Co.,* 254 App. Div. 26, affd. 279 N. Y. 648).

Davis testified at the examination before trial that he was en route to Canastota to visit Madeline Reynolds and to do more paper work, the further work to be done after dinner. With relation to a trip, involving both business of the employer and a private purpose of the employee, it was said in *Matter of Marks* v. *Gray* (251 N.Y. 90, 93–94): "To establish liability, the inference must be permissible that the trip would have been made though the private errand had been canceled. * * * The test in brief is this: If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own (*Clawson* v. *Pierce-Arrow Co.,* 231 N. Y. 273). If, however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been canceled upon failure of the private purpose though the business errand was undone, the travel is then personal, and personal the risk."

The *Marks* decision, involving a workmen's compensation claim, has been reaffirmed (see, e.g., *Matter of Glickman* v. *Greater N. Y. Taxpayers,* 305 N. Y. 431, 434–435; *Matter of Davis* v. *Newsweek Magazine,* 305 N. Y. 20, 24–26) and cited in tort cases on the issue of "course of employment" (see *Shauntz* v. *Schwegler Bros., supra,* p. 448; *Rosenberg* v. *Syracuse News-*

*papers,* 248 App. Div. 294, 296). It has been stated that its formula " *when rightly understood and applied,* has never yet been improved upon " (1 Larson, Workmen's Compensation Law [1972], § 18:12, p. 4–151) and Professor Larson, referring to efforts to " write off " *Marks,* points out: " It is enough that the business motive is concurrent under the doctrine of *Marks* v. *Gray* and, so understood, the doctrine is still very much alive " (*id.,* § 18.22, p. 4–175).

While the deposition transcript and telephone interview indicate that Davis intended to perform employment related paper work at his girl friend's house following dinner and that he customarily did such work there on Sundays, he also stated that he normally did his paper work wherever he happened to be. The only reasonable inference that can be drawn is that the business purpose alone would not have launched the subject journey, and that, had Davis not known Madeline Reynolds socially or had the dinner engagement been canceled, the trip to her home at Canastota would not have been undertaken. Accordingly, it cannot be said that the employer's business was even a " concurrent cause " of the fateful trip (*Matter of Marks* v. *Gray, supra,* p. 93), and, therefore, Davis was not in the scope of defendant's business at the time and *respondeat superior* does not apply.

The order should be reversed, on the law, and the motion for dismissal of the complaints granted, without costs.

HERLIHY, P. J., SWEENEY, KANE and MAIN, JJ., concur.

Order reversed, on the law, and motion for dismissal of the complaints granted, without costs.