Jasen, J. (dissenting).
Claimant was employed as a senior attendant at Craig School, a school maintained by the State for the mentally retarded. It was the school’s established policy to grant one-year educational leaves of absence with full pay to any employee who met certain prescribed criteria. Pursuant to that policy, claimant was granted a one-year leave to pursue a course of instruction in practical nursing at the Bochester School of Practical Nursing. The instruction was carried out at the Monroe Community Hospital. She received her full pay, but was not reimbursed for tuition or other expenses. Although claimant lived in Dansville, New York, quite some distance from Bochester, New York, no part of her travel expenses were reimbursed by her employer. Transportation was her own responsibility and her employer gave no consideration as to how she would get to Bochester.
*682 On January 27, 1971, claimant was injured in an automobile collision while traveling from her home in Dansville to Monroe Community Hospital. She was granted workmen’s compensation benefits by the Workmen’s Compensation Board, which found that her injuries arose out of and in the course of her employment. Upon appeal, the Appellate Division, Third . Department, affirmed that decision, with two Justices dissenting. The employer and the State Insurance Fund now appeal as of right.
It is beyond argument that claimant’s attendance at the practical nursing course was part of her employment. Sufficient evidence can be found in the record to indicate that her attendance was encouraged by and directly benefited her employer and, thus, that her school attendance arose out of her employment. The issue in this case is whether she was in the course of her employment while traveling between Dansville and Rochester to attend school.
The general rule is that travel to and from the place of employment is. not a covered activity under the Workmen’s Compensation Law. Such travel is generally necessary no matter what occupation an employee chooses. Thus, any risks inherent in such travel are not risks inherent in the occupation, but in life generally. (Matter of De Voe v. New York State Rys., 218 N. Y. 318, 320; 1 Larson, Workmen’s Compensation Law, § 15.15.) However, where travel is necessitated or mandated by the particular type of employment that one engages in, such travel is a covered activity. Thus, “ outside ” workers, “ inside ” workers on special errands, and workers who must travel between separate premises of the employer will generally be compensated for any injuries which they sustain during travel. It is their employment which exposes them to travel risks over and above the normal risks incurred in getting to and from the place of employment.
In this case, the record shows that claimant had voluntarily changed her zone or place of employment. She was not required to report to the Craig School except during periods of vacation from nursing school which exceeded two weeks. Her normal, routine place of employment, the place to which she daily traveled, was the Monroe Community Hospital. Under the circumstances, I see no reason to hold, in effect, that the dangers of travel which resulted in her injuries were peculiar to the *683 requirements of her employment. On the contrary, her trip was the necessary trip which is made daily by numerous people in this State in order to reach their places of employment, and the risks inherent in that travel arose from the necessities of life and not from any dangers peculiar to her employment.
This is not the same situation as was present in Matter of Bump v. Central School Dist. No. 3, Montrose (40 A D 2d 243, affd. 34 N Y 2d 577). In that case, death benefits were granted because of the death of claimant’s spouse from injuries suffered while the decedent was returning home from a night course of instruction. However, although decedent’s attendance at the night class was part of his employment, he also worked on his employer’s premises during the day, traveling from there directly to the night class. Thus, decedent was required to travel between two zones of employment and since his “ special mission ” caused the journey from his regular place of employment to the night school, it equally necessitated the trip from night school to home. (Matter of Gibbs v. Macy & Co., 214 App. Div. 335, affd. 242 N. Y. 551.) The risks incurred by the decedent in Bump were different from those he would normally have encountered going from home to his regular place of employment and back. In the case before us, claimant was not on a special mission, but, rather, had voluntarily changed her job situs to the Monroe Community Hospital. Her travel, then, was not a covered activity under the Workmen’s Compensation Law since the risks inherent in that travel were not peculiar to the demands of her employment. In short, claimant’s injuries did not arise out of or in the course of her employment.
For the above reasons, I would reverse the order appealed from.
Order affirmed, etc.