Martin B. Stecher, J.
The defendants move to dismiss the complaint for failure to state a cause of action (CPLR 3211, subd [a], par 7). The complaint alleges that the plaintiff is a director of the corporate defendant, Biddle Sawyer; that the individual defendants, all fellow directors of the plaintiff, have conspired to loot Biddle Sawyer and have done so, and that the plaintiff, as a director, seeks relief on behalf of the corporation against the defendant directors. The complaint states a cause of action within the meaning of the statute (Business Corporation Law, § 720, subd [a]) brought by a person authorized to sue: (Business Corporation Law, § 720, subd [b]).
By affidavit, however, the defendants inform me that all of the stockholders of the corporation consent to and ratify the acts of the defendant directors and that, therefore, the plaintiff has no cause of action. On the face of it, this defense would appear to be more appropriate to a motion for judgment made after joinder of issue (CPLR 3212, subd [a]) as the claim appears to be more by way of defense than by way of a motion addressed to the sufficiency of the pleading. However, upon the insistence of the defendants, the court will consider the factual matter contained in the affidavit, and the prior proceedings before this court and undertake to treat the motion as one for summary judgment (CPLR 3211, subd [c]) despite the absence of any evidentiary affidavit submitted on behalf of the plaintiff.
The defendants’ affidavit in no way contests any of the allegations of the verified complaint and accordingly, for the purposes of this motion, they must be deemed to be true. It appears from the complaint, the defendants’ affidavit and the prior proceedings before this court that the plaintiff and his *443 two sons were the owners of 300 shares of Biddle Sawyer, amounting to 8% of the issued and outstanding stock; the other 92% was owned by the defendant directors. Biddle Sawyer is a profitable Delaware corporation having an office in New York and over the past three years the defendant directors have paid themselves aggregate compensation of approximately two and one-half million dollars and have committed other acts alleged to have been profitable to them and damaging to the corporation.
While the three Levines were still stockholders, while the plaintiff was still director and subsequent to the commencement of this action, the individual defendants procured the merger of Biddle Sawyer into another Delaware corporation; and, as the Levines held less than 10% of Biddle Sawyer stock, the defendants were enabled to and did divest the Levines of their shares in both the old and new corporations (Delaware Corporation Law, § 253) making the Levines creditors to be paid out at the appraised value of their former shares. (The Levines, as stockholders, have pending in the United States District Court for the Southern District of New York a securities fraud action seeking among other relief their reinstatement as stockholders of Biddle Sawyer. An attack on that complaint has been successfully withstood.)
Mr. Justice Grumet of this court has held that, by virtue of their altered position, the Levines might not bring a stockholder’s action for they were no longer stockholders but that Robert Levine, the director, was enabled to maintain his suit as a director; and pursuant to Justice Grumet’s order, he filed the amended complaint which is under attack here. It would appear, therefore, that the law of this case is that until and unless the Levines’ stockholdings are reinstated by judicial decree or otherwise, the Levines may not sue as stockholders; but it is equally the law of this case that Robert Levine may continue his suit as a director.
Even if Mr. Levine’s right to bring the action was not the law of the case, the defendants’ motion must necessarily be denied. Robert Levine was a director at the time this action was begun and there is no question that he had the right to bring the action. The complaint, on its face, states a cause of action. What the defendants contend is that by their corporate maneuvers they may not only divest the minority stockholders of their stock but also of their right to redress a grievance. The fact that Robert Levine may no longer be a director does *444 not divest him of the right to maintain this suit properly commenced (Tenney v Rosenthal, 6 NY2d 204). The defendants contend that the plaintiff has no interest in the outcome of the litigation. They suggest that under the Delaware Corporation Law, the plaintiff and his sons are not stockholders and, under their own pleading, there is no claim that they are creditors. Certainly they are one or the other. (Cf. Rappaport v International Playtex Corp., 43 AD2d 393.) As stockholders, they have an interest in the value of the corporation in which they own stock. If they are creditors, they have an interest in the value of their shares to be appraised. While the plaintiff may not have both statuses, that is as stockholder and creditor, the defendants may not insist on the converse, that he is neither a stockholder nor a creditor.
There are no limbos in the law. It is irrelevant for the purposes of this litigation whether plaintiff is a stockholder or a creditor, for in either case he is interested in the outcome of this suit. The defendants may not deprive the plaintiff of this right to sue because of other litigation. Accepting as true the allegations of the complaint, it would indeed be remiss should this court look only to the surface conditions which these defendants created: making themselves the'sole stockholders of the corporation so as to defeat the claims and rights of the minority stockholders (or creditors). As was stated by Roscoe Pound in Home Fire Ins. Co. v Barber (67 Neb 644, 665): "If a court of equity could not look behind the corporation to the shareholders, who are the real and substantial beneficiaries, and ascertain whether these ultimate beneficiaries of the relief it is asked to grant have any standing to demand it, the maxim that equity looks to the substance and not the form would be very much limited in its application * * * Nowhere is it more necessary for courts of equity to adhere steadfastly to this maxim, and avoid the danger of allowing their remedies to be abused, by penetrating all legal fictions and disguises, than in the complex relations growing out of corporate affairs.”
The defendants’ motion is in all respects denied.