■ JOHN WOLCOTT, Appellant, v JAMES BROUGHTON et al., Respondents. —Appeal from an order and judgment of the County Court of Albany County, entered March 9, 1976, which granted defendant's motion and dismissed the complaint on the merits. The plaintiff commenced this action by summons and complaint against the defendants seeking money damages for a wrongful interference with his employment with the State of New York. The plaintiff alleged in his complaint that he had been hired as a projectionist to work one day per week for a period of two months commencing October 7, 1972 and that he had been discharged on December 2, 1972 by defendants, suffering damages of $21. He has also alleged that on October 18, 1973 he was employed for the period of October 18, 1973 through March 29, 1974 but was discharged on October 26, 1973 "because of the wilful and malicious actions of defendant, James Broughton". Defendants moved to dismiss the complaint prior to answering pursuant to CPLR 3211 for failure of the complaint to state a cause of action. The notice of motion also recited that it was being made on affidavits of the defendants and that the plaintiff should serve answering affidavits before the return date of the motion. The plaintiff did submit answering affidavits and, as noted hereinabove, the complaint was dismissed by the court "on the merits". The affidavits on behalf of the defendants assert that the defendants were employees of the State of New York who had the power to exercise discretion as to the employment or continuation of employment by the plaintiff with the State. The plaintiff has submitted an affidavit in response which tends to establish a basis for personal animosity on the part of the defendants and which

would indicate that any exercise of discretion was not related to the best interests of the State. Of course, the plaintiff cannot allege facts which would conclusively establish that the defendants acted solely out of malice or for personal revenge; however, a state of mind can be established by circumstantial evidence. In this respect the plaintiff's affidavit alleges that in regard to the 1972 employment he had not been paid for his weekly services over a lengthy period of time, and when he discovered that certain payroll forms had not been filed as opposed to assurances by Weinman that they had been taken care of, he was discharged. Plaintiff denied any misconduct on his part prior to his discharge and it affirmatively appears from his affidavit that the defendant Broughton in regard to the 1972 employment did not process the plaintiff's salary claim until some time after he was prompted by plaintiff's then legal counsel. Special Term found that the first cause of action asserted by the plaintiff was for breach of contract and could not be maintained because the defendants were not parties to the contract. The court then found that as to the second cause of action seeking damages for wrongfully causing his discharge from State employment, the defendants would not be liable because their duties "involve discretionary action". The rule in this department is that when a motion involving whether or not a complaint states a cause of action is at issue and the parties submit affidavits and/or matters extrinsic to the pleading, the issue becomes whether or not a plaintiff has a cause of action *(Rappaport v International Playtex Corp.,* 43 AD2d 393, 395). Regardless of the assertions of the plaintiff which would indicate that normally a trial would be necessary to permit findings of fact on the issue of prima facie tort, the present rule in New York State is that no matter how malicious the action of a supervisor may be, if the action complained of was in regard to any duty which involves discretion to act, personal liability for such action or nonaction may not be asserted *(Rottkamp v Young,* 21 AD2d 373, affd 15 NY2d 831). As found by the County Court, the actions of which the plaintiff complains are discretionary and not ministerial and, accordingly, the plaintiff has no cause of action. Under such circumstances, dismissal of the complaint on the merits is proper. Order and judgment affirmed, with $75 costs and disbursements of this appeal. Koreman, P. J., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.