■ GERALD BRUNO, Appellant, v NEW YORK NEWS, INC., Also Known as THE NEW YORK DAILY NEWS COMPANY, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered December 13, 1977 in Albany County, which granted defendant's motion to dismiss Counts Nos. 2 through 14 of plaintiff's complaint. In mid-October, 1975 defendant ran a series of articles in its newspaper exposing a scandal in the management of the New York State Lottery. The series was a result of investigative reporting conducted over a period of approximately two months. The articles charged that the Division of Lottery of the New York Racing and Wagering Board deliberately created an "excess surplus fund" totaling millions of dollars by "stuffing" the drum from which weekly winning tickets would be drawn with hundreds of thousands of unsold tickets. The odds against winning were dramatically increased with the intended result of announcing a winner without the concomitant obligation of having to award the weekly prize money of $250,000 if the announced winning number was that of an unsold ticket. The defendant stated that the occurrence happened 17 times during the period of 38 weeks investigated. The articles stated that plaintiff Bruno not only was aware of the practice described above, but condoned it, and, further, engaged in questionable financial procedures that resulted in the Governor closing down the lottery and discharging Bruno. Plaintiff commenced an action against defendant alleging one cause of action for defamation and 13 causes of action for libel. Defendant moved prior to answer to dismiss the complaint and Special

Term dismissed causes of Action Nos. 2 through 14. This appeal ensued. Defendant did not appeal the denial by Special Term of that branch of its motion which sought to dismiss the first cause of action of the complaint sounding in defamation. Since defendant's notice of motion to dismiss the complaint on the ground it failed to state a cause of action (CPLR 3211, subd [a], par 7) is unsupported by affidavit of either a party defendant, or the investigative reporters or even of counsel, we are faced with the outmoded practice of common-law demurrer or "judgment on the pleadings". Thus, in the posture defendant chose to cast this matter, we are not called upon to determine if plaintiff has a cause of action, but, rather, whether he has stated one or more in his complaint (see *Wolcott v Broughton,* 57 AD2d 1022; *Rappaport v International Playtex Corp.,* 43 AD2d 393, 395). While it is true that since plaintiff is a public official, defendant is constitutionally shielded from liability for libelous statements about plaintiff absent actual malice, i.e., with knowledge that the statements were false or made with reckless disregard of whether they were false or not *(New York Times v Sullivan,* 376 US 254) or from erroneous expressions of opinion about his job performance *(Letter Carriers v Austin,* 418 US 264, 283-284), it, nevertheless, remains true that a public official may state a cause of action when he has been maliciously maligned (cf. *New York Times v Sullivan, supra).* Here, in each of the dismissed causes of action plaintiff asserts that the cited articles were published by defendant with knowledge that each was false or with a reckless disregard of whether they were false or not. In the absence of an answer or affirmation supportive of its CPLR 3211 (subd [a], par [7]) motion to dismiss, it must be presumed that defendant concedes the truth of every factual allegation made by plaintiff but contends that, even so, the complaint states no cognizable cause of action. However, since falsity, which is essential to plaintiff's allegation of actual malice, is an objective rather than subjective concept, i.e., its presence with respect to known or conceded facts is susceptible to proof by extrinsic evidence, we are powerless to conclude, as did Special Term, that actual malice is unsuccessfully pleaded, as a matter of law, in the absence of any extrinsic evidence supportive of such a conclusion. We are constrained in the present posture of the motion to reverse Special Term and reinstate the complaint (cf. *Rovello v Orofino Realty Co.,* 40 NY2d 633). Order reversed, on the law and the facts, with costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Main, JJ., concur.