OPINION OF THE COURT
Lawrence E. Kahn, J.
On December 11, 1981 disciplinary charges were brought against plaintiffs, which accused them of using excessive physical force against an inmate while in the course of their employment as correction officers at the Downstate Correctional Facility (Downstate) in Fishkill, New York. While not necessarily binding in this action, the essential underlying allegations are more fully set forth in Matter of Malone (105 AD2d 455). The complaint herein sets forth various causes of action. The first and second causes of action against defendant Lewis, and the fourth and fifth causes of action against defendant Malone, attempt to plead a prima facie tort claim. The third cause of action seeks recovery against defendant Lewis upon the theory of a conspiracy to give false testimony.
Defendants Lewis and Malone have jointly moved for an order dismissing the complaint pursuant to CPLR 3211 (a) (2), (7) and (8) upon the grounds that the court has neither personal nor subject matter jurisdiction over them, or alternatively, that the complaint fails to state a cause of action.
Initially, it is clear that the court has acquired personal jurisdiction over both movants. Proper affidavits of service have been submitted in opposition, and in any event, the defendants have answered without asserting such defense, thereby waiving same (CPLR 3211 [e]).
Similarly, movants’ assertion that this court lacks subject matter jurisdiction must also fail. The contention that Correction Law § 24 divests the Supreme Court of subject matter jurisdiction is without merit. The applicable portions of that statute provide in pertinent part that:
"1. No civil action shall be brought in any court of the state * * * against any officer or employee of the department, in his personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employ *788 ment and in the discharge of the duties by such officer or employee.
"2. Any claim for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties of any officer or employee of the department shall be brought and maintained in the court of claims as a claim against the state.”
Thus, in order to avoid the proscription of the statute, the complaint must fall beyond the purview of movants’ official duties with the Department of Correctional Services. In this regard, it is clear that plaintiffs are not alleging that the State itself is a real party in interest or that movants were acting within the scope of their employment, when engaged in the conduct which purportedly gives rise to the various causes of action. In fact, precisely the opposite has been asserted. Plaintiffs allege that movants have collectively engaged in behavior which constitutes a prima facie tort, which by its very nature, if properly pleaded and ultimately proven, constitutes conduct which would certainly be beyond the bounds of any recognized limits of employment. To be successful, plaintiffs must establish that the actions complained of were beyond any duty of movants which arose from their employment. No matter how malicious the act complained of, if it was within the scope of such duty, no personal liability may attach (Wolcott v Broughton, 57 AD2d 1022). To avoid the constraints of Correction Law § 24, the pleading has alleged conduct beyond the scope of employment whereby the State of New York is not a real party in interest. It arises from actions of movants not made in any official role and asserts a cause of action against movants individually for conduct specifically outside the parameters of their employment. As such, the above-set forth provisions of the Correction Law do not divest this court of subject matter jurisdiction, or prohibit the instant civil litigation which seeks damages purportedly arising from acts committed beyond the scope of movants’ employment.
Finally, movants move to dismiss for failure to state a cause of action. In determining such a motion, the court must deem all of the allegations of the complaint to be true (Kahn v Friedlander, 90 AD2d 868, 869). The plaintiff must be given the benefit of every possible favorable inference (Rovello v Orofi.no Realty Co., 40 NY2d 633). " '[I]f a cause of action can be spelled out from the four corners of the pleading, a cause of action is stated and no motion lies under rule 3211 (a) (7)’ ” *789 (Foley v D’Agostino, 21 AD2d 60, 65, n 1). Herein, as aforesaid, plaintiffs’ first, second, fourth and fifth causes of action seek to plead a prima facie tort against movants. "The key to prima facie tort is the infliction of intentional harm, resulting in damage, without excuse or justification, by an act or series of acts which would otherwise be lawful * * * Malice is an essential element of prima facie tort and where the complaint fails to allege facts sufficient to support a claim of malice or ill will, it is subject to be dismissed” (Smith v County of Livingston, 69 AD2d 993, 994 [emphasis supplied]). Allegations which are conclusory in nature are simply insufficient to withstand a motion to dismiss for failure to state a cause of action.
Such is the case in the pleading at bar. A review of all four of the causes of action attempting to allege malice establishes that they do so through conclusions, with insufficient allegations of fact. The pleading merely concludes that the accusations of defendant Lewis were false, deliberate and willful. Similar conclusions are pleaded with respect to defendant Malone. These conclusory statements do not meet the requirements of specificity as mandated by ATI, Inc. v Ruder & Finn (42 NY2d 454), and the line of case law developed thereafter.
A similar result is mandated upon the question of whether the complaint adequately pleads special damages. While there have been criticisms of these strict limitations, they nevertheless remain. "So stringent is the limitation that a complaint which fails to allege special damage with sufficient particularity will be dismissed” (see, 2 PJI2d 627; Morrison v National Broadcasting Co., 19 NY2d 453). Herein, plaintiffs’ allegations of special damages are unspecific and generalized.
Finally, for reasons of specificity already addressed, plaintiffs’ fifth cause of action which seeks to impose liability on defendant Lewis on a theory of conspiracy to give false testimony must also fall.
The motion by defendants Lewis and Malone, to dismiss the complaint upon the ground that the court has failed to acquire personal jurisdiction shall be denied. The motion to dismiss upon the ground that the court does not have subject matter jurisdiction shall be denied. The motion • to dismiss upon the ground that the complaint fails to state a cause of action against the moving defendants shall be granted.
The above, without costs.