■ LINDWALL SMITH, Respondent, v UNITED PARCEL SERVICE, INC., Appellant, et al., Defendant. [663 NYS2d 537] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered on or about May 1, 1997, which denied defendant United Parcel Service's motion for summary judgment seeking to dismiss the complaint as barred by the exclusivity provisions of the Workers' Compensation Law, unanimously affirmed, without costs.

We agree with the court that issues of fact exist as to whether plaintiff's injuries occurred in the course of his employment. Although plaintiff, an employee of defendant United Parcel Service (UPS) was injured by a UPS truck while plaintiff was en route to give testimony as a witness (to be called by UPS) at a hearing, UPS has not met its burden, as proponent of this summary judgment motion, of establishing that plaintiff was on a special errand (*see, Neacosia v New York Power Auth.*, 85 NY2d 471) for UPS (*compare, Gibbs v Macy & Co.*, 214 App Div 335, *affd* 242 NY 551). Here, there are questions of fact as to whether, in honoring the subpoena, plaintiff was acting on behalf of the union in his capacity as shop steward or on behalf

of UPS, or both, as well as factual questions about various other circumstances surrounding plaintiff's appearance as a witness at hearings, and the requisite nexus between the accident and his employment (*see*, *Matter of Connelly v Samaritan Hosp.*, 259 NY 137, 139).

We have considered appellant's other arguments and find them to be without merit. Concur—Milonas, J. P., Rubin, Mazzarelli and Andrias, JJ.