■ In the Matter of the Claim of Margaret Tally, Respondent, v. J. J. Newberry Co. et al., Appellants. Workmen's Compensation Board, Respondent.— Reynolds, J. Appeal by the employer and its carrier from a decision and award of death benefits on the ground that the board's finding that decedent's accidental death arose out of and in the course of his employment is erroneous as a matter of law. On October 12, 1964 decedent, a senior vice-president of the employer, died from injuries sustained when he unexplainably fell from a window of a room to which he had retired. There is no question raised as to the accidental nature of the fall, the sole question being that of course of employment. At the time of his death decedent was a guest on the stock farm of B. Earl Puckett in Pulaski, Tennessee. Mr Puckett, retired chairman of the board of Allied Stores, had some years earlier organized an informal group of prominent real estate business and financial leaders which he denominated the "Rat Pack". Each year the group was invited to his estate for a week-end for a round of conversation, recreation and entertainment. The majority of the board has found that since decedent's duties for the employer involved largely real estate acquisition and the construction of new stores which required a certain amount of travel throughout the country to various potential store sites and conferences with men connected with real estate affairs, his attendance at the meeting of the "Rat Pack" "was incidental to and connected with the duties of his employment, and * * * inured to the benefit of the employer." The dissenting member of the board, pointing out that the president of the employer had testified that there was no direction for the decedent to attend the gathering, that the employer did not contribute to any expenses of the trip and that he considered the trip not to have been made on behalf of the employer, found the trip to be "primarily for social purpose and * * * not connected with the business of the employer." The test as to whether a given trip is within the course of employment where both business and personal motives are involved is whether the business motive was a concurrent cause of the trip (*Matter of Mahoney* v. *Stern & Co.,* 9 N Y 2d 931, revg. 9 A D 2d 843; *Matter of Skinner* v. *Tobin Packing Co.,* 24 A D 2d 785, affd. 18 N Y 2d 738). Here the board could clearly have determined on the basis of the record that decedent was in charge of real estate for the employer, that the persons attending had a common bond of real estate and shopping center development whether it be construction, leasing or financing, that the meetings involved business discussions as well as social activities and that, therefore, some benefit to the employer accrued from decedent's attendance at the gathering. However, it is equally clear as the dissenting member of the board pointed out that the employer did absolutely nothing to sponsor or encourage the trip as a part of decedent's business duties.

The cases which involve special errands for the employer or where transportation or expenses are paid by the employer are thus not apposite here. The question in the final analysis is whether it is enough, solely, that the employer, who does not sponsor or encourage the trip or consider it a business activity, receive some benefit from the trip to bring the trip within the scope of employment. We do not think so. It is the employer and not the employee who must establish the scope of the employee's employment activities. And this is not controlled by the employee's belief that business motives were also a concurrent factor in making the trip. There must at least be some action on the part of the employer to connect the trip to employment, some sponsorship, some approval, some employer action must be present. It is not enough that the employer somehow benefits from what would otherwise be a purely personal excursion. Accordingly, on the instant record the board's decision must be reversed. Decision reversed and claim dismissed, without costs. Gibson, P. J., Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J. Herlihy, J., dissents and votes to affirm in the following memorandum: Herlihy, J. (dissenting). The rationale of the majority statement does not depend upon a lack of substantial evidence and therefore, the decision of the board should be affirmed. The record establishes that the decedent, a vice-president of the employer, did not need any special permission to attend the meeting in which he had participated on prior occasions with the knowledge of his employer and when his automobile expenses had been paid by the employer. It is quite apparent from the record that the decedent had authority to approve his own expense account. This is not a situation where a salesman or some other employee is restricted or limited by rules and regulations or where it could be found that there was a lack of authority. A senior vice-president, such as the decedent, is an executive having authority to make his own decisions in matters pertaining to business and the board was justified under the circumstances in finding that the duties of such office permitted attendance at the meeting and that the decedent's attendance was incidental to and connected with the duties of his employment and inured to the benefit of his company. Decisions which involve salesmen and cited by the majority are not applicable to the present factual circumstances. The decision of the board should be affirmed.