■ EVÀ BERGER, Plaintiff, v. BURLIN & JONES, INC., et al., Defendants. FRANK A. LYONS, Respondent, v. BURLIN & JONES, INC., Appellant.— Judgment, Supreme Court, New York County, entered on October 31, 1972, in favor of plaintiff Frank A. Lyons against defendant Burlin & Jones, Inc., affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. We all agree that an employee who drives his car to and from a fixed place of employment is generally not considered as acting in the scope of his employment, whereas one whose car is utilized in furtherance of his work is, as an exception to the general rule, considered as so acting. (*Lundberg* v. *State of New York*, 25 N Y 2d 467.) The point of departure is whether an issue of fact for jury determination is presented where, as here, an outside salesman, with no limit to his territory, who derives his sole compensation from commissions and is never required to attend his employer's plant, but chooses to do so on occasion to service his accounts, comes under the general rule or the exception when, on a particular day, he is involved in an accident while driving home from his employer's plant instead of his last customer. On the record before us, we believe the attempted distinction to be one without legal significance. (Cf. *Cooke* v. *Drigant*, 289 N. Y. 313.) Concur — Nunez, J. P., Kupferman, Murphy and Lane, JJ.; Steuer, J., dissents in the following memorandum: I regret that I cannot agree with the conclusion of the majority. The plaintiff was grievously injured through no fault of his own. But, likewise, he was injured through no fault of the defendant, and the party at fault did pay a very substantial sum of damages. This, of course, is no factor in determining the issue, as the extent of plaintiff's injuries should not be a factor. The accident

was an automobile collision between a car operated by plaintiff and one owned and operated by Jerome H. Lyons (not related to plaintiff). The sole question on this appeal is whether the offending car was being driven in the defendant's business. Jerome Lyons, who lived in Farmingdale, Long Island, was in defendant's employ as an outside salesman. Defendant's place of business was in East Rutherford, New Jersey. It was while Lyons was driving from East Rutherford to Farmingdale that the accident occurred. The evidence is uncontradicted that the defendant did not require its salesmen to own or use automobiles, nor did it provide a car or pay the expenses of operation. If the employee joined the defendant as an insured under his policy, it paid half the premium. This does not affect the question presented (*Capozzi* v. *United States*, 326 F. Supp. 784); in fact, paying a travel allowance does not (*Lundberg* v. *State of New York*, 25 N Y 2d 467, 472). The sole question is whether the employee's acts in driving are subject to the employer's control (*Lundberg*, *supra*). It must be conceded that what is meant by "control" differs somewhat from the concept of the right or opportunity to direct how the driving should be done. Rather it refers to the occasions when the driver is free to go where and how he pleases, and those times when he would be expected to take a certain course. Generally, driving to and from work is not in the employer's business (*Smith* v. *Fonda*, 265 App. Div. 977). On the other hand, an employee who does not work out of his employer's place of business and uses a car in his work is so employed from the time he leaves his home until he returns from his last business appointment (*Shauntz* v. *Schwegler Bros.*, 259 App. Div. 446). The facts in this case would seem to fall somewhere between those guidelines. The salesman did not work out of the employer's office but from time to time he went there to do what was necessary in the writing up of his accounts and the like. While so engaged he performed exactly as an inside employee would. That is what he was doing just before he left his employer's premises to go home. He was not calling on a customer, nor does it appear that he did so that entire day. The decisive element of control imputed to driving while engaged in his sales activities is not present. It is argued that his visit to the home office was solely at his choice — he could have gone then or any other day. This is unimportant. If regarded as an activity for his own benefit, there is no such work connection as would impose liability.