■ ROBERT C. EHLENFIELD et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 57865.)—Judgment unanimously affirmed, without costs. Memorandum: The sole question presented on appeal is whether Sgt. Granic, a New York State Trooper, was acting within the scope of his employment at the time of the vehicular accident in which claimant Robert Ehlenfield sustained serious personal injuries. The trial court determined, as a matter of law, that he was not, and dismissed claimants' action upon the close of their case. In order to conclude that an employee is acting within the scope of his employment, it must be found that he is doing something in furtherance of the duties he owes to his employer and that the employer is, or could be, exercising some control, directly or indirectly, over the employee's activities (*Lundberg v State of New York,* 25 NY2d 467, 470-471). A careful examination of the circumstances of each case is required since "the

precise facts before the court will vary the result" *(Riley v Standard Oil Co.,* 231 NY 301, 304).* Sgt. Granic resided with his wife in Andover, New York and was assigned to the Lewiston Station which is over two hours, in driving time, from Andover. His work schedule indicates that he would normally work five consecutive tours of duty and have two days' leave. When on leave, he would return home, but between tours of duty he chose to sleep at the Wrights Corners State Police Station. Although he was obligated between tours to be available to report for duty within a period of two hours, there is no indication that he was required to stay at any State Police facility. At the time of the accident, Sgt. Granic was between tours of duty, attired in civilian clothes, and was driving his pickup truck to Lewiston to begin his next shift. The truck carried a used gas-operated refrigerator which he had just obtained from a fellow trooper and which he intended to install for his use at the Wrights Corners Station in order to store food and thus lessen his restaurant expenses. Presumably, the refrigerator, once installed, could be used by any of the troopers at Wrights Corners. The State allowed Sgt. Granic to stay at Wrights Corners without charge but he was not permitted to cook there. Nor was he reimbursed for his mileage or meals while off duty. Additionally, although installation of a refrigerator at a State Police station was not without precedent, there is no showing either that Sgt. Granic had permission to install the refrigerator or that his employer was aware of his intention to do so. The claimants urge that the installation of the refrigerator would benefit the State because it would tend to facilitate contact with Sgt. Granic and perhaps other off-duty troopers in the event of an emergency. It is argued that the presence of the refrigerator would encourage troopers to remain at the Wrights Corners Station for meals. In this connection, claimants point out that between shifts troopers are required to advise the State where they may be contacted during their off-duty periods. We find these arguments unpersuasive. This case is governed by the general rule that an employee driving to work is not acting in the scope of employment *(Lundberg v State of New York,* 25 NY2d 467, 471; *Rappaport v International Playtex Corp.,* 43 AD2d 393, 396; 4A NY Jur, Automobiles and Other Vehicles, § 893). Any benefit which may have been conferred upon the employer by the presence of a refrigerator is too speculative a ground for application of the doctrine of *respondeat superior (Sauter v New York Tribune,* 305 NY 442) and thus we are of the opinion that the trip was essentially personal in nature and not in furtherance of the duties which Sgt. Granic owed to the State. Nor do we conclude that Sgt. Granic's activity was subject to the control of his employer at the time of the accident. Sgt. Granic was free to do as he pleased during his off-duty hours and although he was required to be available for duty within two hours between tours of duty, that alone provides insufficient support for the conclusion that his activities at the time of the accident were controlled by the State. The fact that an employee is constantly "on call" is not sufficient to cast his employer in liability *(Johnson v Daily News,* 34 NY2d 33). We have considered claimants' remaining arguments and find them to be without merit. (Appeal from judgment of Court of Claims—negligence.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.