■ Alexander R. Clark et al., Appellants, v Hoff Bros. Refuse Corp., Respondent.—Order and judgment reversed, with costs, and motion

denied. Memorandum: This is an appeal from an order and judgment at Special Term granting the motion of respondent Hoff Brothers Refuse Corp. for summary judgment dismissing the complaint on the ground that no triable issue of fact exists. In April, 1976 Rodney C. Magee was employed by respondent Hoff Brothers Refuse Corporation as a scale operator. His normal working hours were 7:00 A.M. to approximately 3:30 P.M. Monday through Friday. Usually, he worked at the corporation's eastside transfer station but occasionally when asked he worked at the westside station. On Friday April 23, 1976 or Saturday April 24, 1976 respondent's operations manager requested him to work on Saturday April 24, 1976 at the westside station. In the same conversation the manager asked him to stop at a hardware store near his home on his way to work to pick up a lawn spreader which respondent had arranged to rent for use at the westside plant. On the morning of April 24, Magee left home at 8:15, much later than his usual time, and drove directly to the hardware store, arriving soon after it opened. He left the store at 8:30 or 8:40 and proceeded towards the westside station. When he was almost at work, he was involved in a collision with appellant's automobile. Special Term concluded that as a matter of law Magee was not acting in the scope of his employment at the time of the accident. The general rule is that an employee acts in the scope of his employment when he is acting in furtherance of the duties owed to his employer and where the employer is or could be exercising some control, directly or indirectly, over the employee's activities. (*Lundberg v State of New York,* 25 NY2d 467, 470). An employee driving to and from work usually is not acting within the scope of his employment because, although the activity is work motivated, the element of control is lacking (*Lundberg v State of New York, supra,* p 471). Here, there is no question that in transporting the lawn spreader Magee was acting in his employer's interests. Furthermore, his arrival at the place of the accident at the time it occurred was occasioned solely by the errand for respondent. Thus, it could be said that when the accident occurred Magee was under the control of his employer. In this respect the case differs from *Matter of Marks v Gray* (251 NY 90) in which in addition to the business errand the employee was also engaged in an unrelated private errand. Magee had left his home much later than his usual time and had deviated from his usual route in order to accommodate the request of his employer. Although apparently at the time of the accident Magee had resumed his normal route to work it can still be said that the errand for his employer was the only reason for his being where he was when the accident occurred. It does not appear whether he would have made the trip to deliver the spreader even if he had not been working that day. Thus, there are unresolved factual questions (cf. *Douglas v Hugerich,* 70 AD2d 755). We note that appellants were not privy to the relationship between respondent and Magee. They should be given the opportunity to develop the relevant facts at trial (see *Rowden v National Car Rental,* 36 AD2d 762; *Jensen v Metropolitan Life Ins. Co.,* 27 AD2d 934, app dsmd 20 NY2d 739). It was, therefore, error to grant summary judgment. All concur, except Witmer, J., who dissents and votes to affirm on the opinion at Special Term, Conway, J. (Appeal from order and judgment of Monroe Supreme Court—summary judgment.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Callahan and Witmer, JJ.