■ RENEE GREER, as Administratrix of the Estate of DANIEL GREER, Deceased, Respondent, v FRANCIS FERRIZZ et al., Respondents, et al., Defendant, and LONG ISLAND NEWS COMPANY, Appellant.

The case involves the fatal injury to plaintiff's decedent by defendant Francis Ferrizz, who was driving home from work on Sunday morning December 16, 1979. The evidence was undisputed that Mr. Ferrizz was intoxicated. A verdict against the Ferrizz's on liability was directed after the opening statements, and said verdict is not challenged on appeal.

Liability against Mr. Ferrizz's employer, appellant Long Island News Company, was asserted on two theories. The first was common-law negligence, based on the allegations that appellant's supervisor condoned drinking by Mr. Ferrizz on the com-

pany premises with knowledge that he would be driving thereafter. The second was that of respondeat superior, on the assertion that, when the accident occurred, Mr. Ferrizz was on his way to making one more delivery before going home.

The judgment must be reversed insofar as appealed from, because the trial court erroneously reduced plaintiff's burden of proof in its charge to the jury. The court relied on *Noseworthy v City of New York* (298 NY 76), in telling the jury that the plaintiff in a wrongful death action "is not held to as high a degree of proof as * * * [one] who is alive and can himself describe the occurrence". This principle applies to establishing a defendant's negligence where there are no other witnesses to the accident. Here, however, there were numerous other witnesses and there was no question that Mr. Ferrizz was negligent. The only issues that remained before the jury pertained to matters — the consumption of the beer and a newspaper delivery assignment — that would have been wholly outside decedent's knowledge had he survived. Proof of these two claims in no way depended on decedent's presence, and there was no reason to reduce plaintiff's burden of proof. Because the evidence was highly disputed and open to assessments of credibility, the erroneous instruction could well have affected the outcome. A new trial is therefore required.

Plaintiff's claim that the theory of respondeat superior is applicable is without merit. The evidence was insufficient to establish that Mr. Ferrizz was still acting within the scope of his employment. Viewed most favorably to plaintiff, the evidence fails to show that Mr. Ferrizz was on any route other than his normal route home when the accident occurred. Mr. Ferrizz would have driven along that route whether or not his travels still had a business purpose. Under the "dual purpose" principle, respondeat superior liability does not attach where the business purpose did not create the necessity for being on that route (*Matter of Marks v Gray*, 251 NY 90; *Kelleher v State Mut. Life Assur. Co.*, 51 AD2d 872, *lv denied* 39 NY2d 709). Any claim based on this theory must be dismissed as a matter of law.

Turning to the other theory of liability, parties to a civil litigation may consent formally or by their conduct to the law to be applied absent a strong countervailing public policy (*see, Martin v City of Cohoes*, 37 NY2d 162). In this case, appellant has proceeded on the assumption that it potentially owed a duty to innocent third parties to either prevent Mr. Ferrizz's drinking on the job or to forgo supplying him with alcoholic beverages while he was working. On appeal, appellant simply argues that there was inadequate proof that it permitted or encouraged Mr.

Ferrizz to become intoxicated while working. We in no way express any view as to what duty, if any, an employer owes to third parties to prevent their employees from drinking on the job (*see generally,* Common-Law Right of Action for Damage Sustained by Plaintiff in Consequence of Sale or Gift of Intoxicating Liquor or Habit-Forming Drug to Another, 97 ALR3d 528; *Wright v Sunset Recreation,* 91 AD2d 701; *Schirmer v Yost,* 60 AD2d 789). The parties have charted their own course, and so we simply address the issue of whether there was adequate proof to establish that appellant permitted or encouraged Mr. Ferrizz to become intoxicated during the course of his employment.

Sufficient evidence was adduced to support this theory of liability. A jury could find from the evidence that Mr. Ferrizz's supervisor actively participated in and encouraged him to drink with the knowledge that he was to drive home shortly thereafter, and therefore that the supervisor had control over his drinking. A jury could conclude, under the circumstances of this case, that this drinking posed a reasonably foreseeable danger to members of the public and that the appellant and its supervisor were negligent in failing to prevent this danger. A new trial is therefore warranted on this theory only. Since Mr. Ferrizz's liability is conceded and the parties do not challenge the amount of damages as excessive or insufficient, these portions of the verdict need not be set aside.

On retrial, the trial court should avoid any reference to the provisions of Alcohol Beverage Control Law § 65, which is the criminal counterpart to General Obligations Law § 11-101 (*Moyer v Lo Jim Cafe,* 19 AD2d 523, *affd* 14 NY2d 792). This provides a statutory cause of action that is independent of any claim of common-law negligence (*Moyer v Lo Jim Cafe, supra,* p 523) and is directed against commercial vendors and distributors of intoxicants rather than private hosts or employers (*Edgar v Kajet,* 55 AD2d 597). The trial court ruled that the evidence herein did not make out a claim under this statutory cause of action. Any reference to the criminal counterpart is unwarranted and misleading and should be avoided on retrial. In addition, any references to the right to a safe place to work pursuant to Labor Law § 200 are misplaced, as that statute's protections extend only to employees and conditions at the work place (*see, Schnur v Shanray Constr. Corp.,* 31 AD2d 513; *Bellask v Coronation Homes,* 5 AD2d 873, *affd* 5 NY2d 956).

We have examined appellant's other contentions and find them to be without merit. Titone, J. P., Thompson, Bracken and Rubin, JJ., concur.