██ JOHN A. MCBRIDE, JR., Respondent, v COUNTY OF SCHENECTADY et al., Respondents, and CONFEDERATION OF ORGANIZED PURCHASERS, INC., Appellant. — Casey, J.

Defendant Russell A. Whitney was employed by defendant Confederation of Organized Purchasers, Inc. (hereinafter COOP) as a salesman whose duties required the solicitation of prospective members and customers. After attending a late meeting held at COOP's store in the City of Saratoga Springs, Whitney left to return to his home at about 2:00 A.M. on November 15, 1980. Leaving at such a late hour was not unusual since Whitney's responsibilities required his availability for employment at almost any time. At about 2:20 A.M., while driving his car on Route 50 in Schenectady County, Whitney struck and injured plaintiff, a pedestrian. Subsequently, plaintiff commenced an action against COOP (among others) for negligence, on the theory of respondeat superior, alleging that Whitney was acting within the scope of his employment at the time his vehicle struck plaintiff.

COOP moved for summary judgment, claiming the inapplicability of the doctrine of respondeat superior due to the lack of control over Whitney at the time of the accident. COOP also moved for dismissal of the complaint for lack of personal jurisdiction, alleging Whitney's termination of employment with COOP at the time of service of process.

Special Term denied the motion of COOP for summary judgment on the ground that a triable issue of fact was presented as to whether Whitney was an outside salesman with no fixed place of employment so that his vehicle was being used in furtherance of his corporate employer's business. As to the alleged lack of personal jurisdiction, Special Term held that this question also presented factual issues, but that the contention had been waived by COOP's assertion of cross claims against the other defendants.

Because an employee's "scope of employment" is heavily dependent on factual considerations, the question is ordinarily one for the jury (*Riviello v Waldron,* 47 NY2d 297, 303). Only where no conflicting evidence exists may a court determine the "scope of employment" issue as a matter of law (*Dinkins v Farley,* 106 Misc 2d 593). Although an employee is not ordinarily acting within the "scope of employment" when traveling to and from work, exceptions to this rule are presented when the employer has some special interest or derives special benefit from the travel of the employee (*Fitzgerald v Lyons,* 39 AD2d 473, 475), the employer is exercising some control, directly or indirectly, over the employee while the employee is driving home (*Johnson v Daily News,* 34 NY2d 33), or the vehicle is being utilized in furtherance of the employer's enterprise (*Lundberg v State of New York,* 25 NY2d 467, 471). In these circumstances, vicarious liability for the employee's tortious acts will attach to the employer.

Furthermore, where an employee who has no fixed base of employment is paid commissions and uses his vehicle to obtain sales, the vehicle's use can be held to be within the scope of employment, even when traveling to the employee's abode (*Berger v Burlin & Jones,* 43 AD2d 528, *affd* 34 NY2d 896). Here, Whitney was paid a commission for sales, although a salary may have been included. As a salesperson, Whitney could operate independently and call upon prospective customers directly to obtain business, even though prospective customers could also come to the showrooms. At the time of the accident, Whitney was returning home from a late business meeting held at COOP's Saratoga location; he planned to return to that location later that day and to attend a stockholders' meeting of the corporation that evening in the City of Gloversville. This evidence, construed in a light most favorable to the nonmoving party, as it must be (*see, Weiss v Garfield,* 21 AD2d 156), cannot compel a determination as a matter of law that Whitney was not acting within the "scope of employment". Although "somewhat meager", there are implications that COOP, the employer, acquiesced in Whitney's utilization of his automobile, precluding summary judgment (*Douglas v Hugerich,* 70 AD2d 755).

As to COOP's claim of lack of personal jurisdiction, we do not agree with the rationale of Special Term that the mere interposition of a cross claim by COOP waived its claim of lack of personal jurisdiction, which was alleged as an affirmative defense in its answer (*Provosty v Hall Hosp.,* 91 AD2d 658, 659, *affd* 59 NY2d 812). Nevertheless, we affirm the determination of Special Term on this issue for a different reason. Whitney

received process on behalf of COOP at COOP's office in the City of Schenectady. Whitney had in fact been an employee of COOP, which was regularly doing business within this State. COOP had provided Whitney with the apparent authority to be in its Schenectady office at the time of service and service was made on Whitney after proper inquiry as to his capacity and according to Whitney's direction. Thus, it cannot now be claimed by COOP that Whitney was unauthorized to receive it because his employment had been terminated (*Fashion Page v Zurich Ins. Co.,* 50 NY2d 265). In the circumstances, not even a hearing was required (*De Vore v Osborne,* 78 AD2d 915) since, as a matter of law, service was proper and personal jurisdiction was obtained (*Von Thaden v Groves & Sons Co.,* 97 AD2d 677). The order of Special Term should, therefore, be affirmed.

Order affirmed, with costs to respondents filing briefs. Mahoney, P. J., Casey, Mikoll, Levine and Harvey, JJ., concur.