■ RENEE GREER, as Administratrix of the Estate of DANIEL GREER, Deceased, Respondent, v FRANCIS FERRIZZ et al., Respondents, and LONG ISLAND NEWS COMPANY, Appellant, et al., Defendant.—Motion by the plaintiff for reargument of the appeal from a judgment of the Supreme Court, Suffolk County (DiPaola, J.), entered August 12, 1983, which was decided by decision and order of this court both dated April 22, 1985

(*Greer v Ferrizz,* 110 AD2d 815), and cross motion by the defendant Long Island News Company for renewal and reargument of the same appeal.

Justice Lazer has been substituted for former Justice, now Judge Titone *(see,* Judiciary Law § 21; *Wittleder v Citizens' Elec. Illuminating Co.,* 47 App Div 543).

Motion and cross motion granted to the extent that this court's decision, dated April 22, 1985, is recalled and vacated, and the following decision is substituted therefor:

"In a wrongful death action, defendant Long Island News Company appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Suffolk County (DiPaola, J.), entered August 12, 1983, as was in favor of the plaintiff and against appellant, upon a jury verdict.

"Judgment reversed, insofar as appealed from, on the law, and new trial granted to appellant solely on the issue of whether appellant was negligent in permitting defendant Francis Ferrizz to become intoxicated, and if so, the percentage of liability to be apportioned to appellant, with costs to abide the event.

"The case involves the fatal injury to plaintiff's decedent by defendant Francis Ferrizz, who was driving home from work on Sunday morning December 16, 1979. The evidence was undisputed that Mr. Ferrizz was intoxicated. A verdict against the Ferrizz's on liability was directed after the opening statements, and said verdict is not challenged on appeal.

"Liability against Mr. Ferrizz's employer, appellant Long Island News Company, was asserted on two theories. The first was common-law negligence, based on the allegations that appellant's supervisor condoned drinking by Mr. Ferrizz on the company premises with knowledge that he would be driving thereafter. The second was that of respondeat superior, on the assertion that, when the accident occurred, Mr. Ferrizz was on his way to making one more delivery before going home.

"The judgment must be reversed, insofar as appealed from, because the trial court erroneously reduced plaintiff's burden of proof in its charge to the jury. The court relied on *Noseworthy v City of New York* (298 NY 76), in telling the jury that the plaintiff in a wrongful death action 'is not held to as high a degree of proof as * * * [one] who is alive and can himself describe the occurrence'. The *Noseworthy* doctrine would be relevant only as to the negligence of the driver, Mr. Ferrizz, and the events occurring at the scene of the accident. Mr.

Ferrizz's negligence was manifest and undisputed. Indeed, the trial court directed a verdict against him after the opening statements, which verdict is not questioned on appeal. The only issues before the jury in this action pertained to matters that were distinct in time and place from the actual occurrence of the accident, namely, the consumption of the beer and a newspaper delivery assignment. These issues are unrelated to the *Noseworthy* doctrine. The charge which effectively reduced the plaintiff's burden of proof as to these two issues was unwarranted. Because the evidence was highly disputed and open to assessments of credibility, the erroneous instruction could well have affected the outcome. A new trial is therefore required.

"Plaintiff's claim that the theory of respondeat superior is applicable is without merit. The evidence was insufficient to establish that Mr. Ferrizz was still acting within the scope of his employment. Viewed most favorably to plaintiff, the evidence fails to show that Mr. Ferrizz was on any route other than his normal route home when the accident occurred. Mr. Ferrizz would have driven along that route whether or not his travels still had a business purpose. Under the 'dual purpose' principle, respondeat superior liability does not attach where the business purpose did not create the necessity for being on that route *(Matter of Marks v Gray,* 251 NY 90; *Kelleher v State Mut. Life Assur. Co.,* 51 AD2d 872, *lv denied* 39 NY2d 709).* Any claim based on this theory must be dismissed as a matter of law.

"Turning to the other theory of liability, parties to a civil litigation may consent formally or by their conduct to the law to be applied absent a strong countervailing public policy *(see, Martin v City of Cohoes,* 37 NY2d 162).* In this case, appellant has proceeded on the assumption that it potentially owed a duty to innocent third parties to either prevent Mr. Ferrizz's drinking on the job or to forego supplying him with alcoholic beverages while he was working. On appeal, appellant simply argues that there was inadequate proof that it permitted or encouraged Mr. Ferrizz to become intoxicated while working. We in no way express any view as to what duty, if any, an employer owes to third parties to prevent their employees from drinking on the job *(see generally, Common-Law Right of Action for Damage Sustained by Plaintiff in Consequence of Sale or Gift of Intoxicating Liquor or Habit-Forming Drug to Another,* Ann., 97 ALR3d 528; *Wright v Sunset Recreation,* 91 AD2d 701; *Schirmer v Yost,* 60 AD2d 789).* The parties have charted their own course, and so we simply address the issue

of whether there was adequate proof to establish that appellant permitted or encouraged Mr. Ferrizz to become intoxicated during the course of his employment.

"Sufficient evidence was adduced to support this theory of liability. A jury could find from the evidence that Mr. Ferrizz's supervisor actively participated in and encouraged him to drink with the knowledge that he was to drive home shortly thereafter, and therefore that the supervisor had control over his drinking. A jury could conclude, under the circumstances of this case, that this drinking posed a reasonably foreseeable danger to members of the public and that the appellant and its supervisor were negligent in failing to prevent this danger. A new trial is therefore warranted on this theory only. Since Mr. Ferrizz's liability is conceded and the parties do not challenge the amount of damages as excessive or insufficient, these portions of the verdict need not be set aside.

"On retrial, the trial court should avoid any reference to the provisions of Alcoholic Beverage Control Law § 65, which is the criminal counterpart to General Obligations Law § 11-101 *(Moyer v Lo Jim Cafe,* 19 AD2d 523, *affd* 14 NY2d 792). This provides a statutory cause of action that is independent of any claim of common-law negligence *(Moyer v Lo Jim Cafe, supra,* at p 523) and is directed against commercial vendors and distributors of intoxicants rather than private hosts or employers *(Edgar v Kajet,* 55 AD2d 597). The trial court ruled that the evidence herein did not make out a claim under this statutory cause of action. Any reference to the criminal counterpart is unwarranted and misleading and should be avoided on retrial. In addition, any references to the right to a safe place to work pursuant to Labor Law § 200 are misplaced, as that statute's protections extend only to employees and conditions at the work place *(see, Schnur v Shanray Constr. Corp.,* 31 AD2d 513; *Bellask v Coronation Homes,* 5 AD2d 873, *affd* 5 NY2d 956).

"We have examined appellant's other contentions and find them to be without merit."

The motion and cross motion are otherwise denied. Lazer, J. P., Thompson, Bracken and Rubin, JJ., concur.