■ VIDAL C. MATOS, as Administrator of the Estate of CHRISTINA M. CHEVERE, Deceased, et al., Appellants, v MICHELE DEPALMA ENTERPRISES, INC., Doing Business as GASPARRO'S BAKERY, Respondent. (And Another Related Action.)— Mahoney, P. J. Appeal (transferred to this court by order of the Appellate Division, Second Department) (1) from an order of the Supreme Court (Hickman, J.), entered April 10, 1989 in Orange County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

This action arises out of a motor vehicle accident which occurred on January 11, 1986 when the vehicle owned and operated by Noel D. Guneratne, an employee of defendant, collided with a vehicle in which plaintiff Dawn F. Carey and the other plaintiffs' decedents, Christina M. Chevere and Stephanie Brazee, were passengers.* It seeks damages for negligence and wrongful death. Plaintiffs allege that defendant may be held liable for the accident pursuant to the doctrine of respondeat superior in that Guneratne was employed by defendant and acting within the scope of his employment at the time of the accident. After issue was joined, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion and this appeal ensued.

An employer is liable for the negligence of an employee when the latter "is doing something in furtherance of the duties he owes to his employer and where the employer is, or

---

* A related action by plaintiffs against Guneratne remains pending. Because the related action was not consolidated with the instant action, submissions by Guneratne in opposition to defendant's motion in this action were not considered by Supreme Court and Guneratne has no place as a party in this action.

could be, exercising some control, directly or indirectly, over the employee's activities" *(Lundberg v State of New York,* 25 NY2d 467, 470). Generally, a worker traveling to and from work is not acting within the scope of his employment because the element of control by the employer is lacking *(see, D'Amico v Christie,* 71 NY2d 76, 88; *Clark v Hoff Bros. Refuse Corp.,* 72 AD2d 936, 937). Here, defendant's employee, Guneratne, worked six days a week. His daily routine included driving his own car from his home to defendant's bakery, reporting to work at midnight, loading his employer's truck, making deliveries and collecting cash from various retailers, returning to the bakery at 8:00 A.M. and returning home in his own vehicle. If the cash receipts exceeded $40 or if Guneratne had in his possession receipts from customers who paid on a weekly basis, he had been instructed not to leave such funds at the bakery but to personally deliver such money to his employer when he returned to work the following day. On January 11, 1986 at approximately midnight, Guneratne was involved in an automobile accident while driving his own vehicle from his home to defendant's place of business, prior to commencing work. At the time of the accident, he had in his possession approximately $600 belonging to his employer.

We reject plaintiffs' contention that one of the duties of Guneratne's employment with defendant's bakery was to collect and safely transport cash receipts to his employer and he, therefore, was still in the process of fulfilling that duty at the time of the accident and was acting within the scope of his employment. In deciding whether this travel was within the scope of Guneratne's employment, the crucial test is whether the employment created the necessity for the travel. If the travel would still have occurred even though the business purpose was canceled, then the employer cannot be held liable *(see, Bazan v Bohne,* 144 AD2d 168, 170). The record is clear that Guneratne did not use his personal vehicle while discharging his duties as defendant's employee, and his employer exercised no control over the manner in which he commuted to work. On the morning of January 11, 1986 Guneratne was scheduled to report to work with or without cash receipts. Viewed most favorably to plaintiffs, the evidence clearly shows that Guneratne was on his normal route to work and would have driven along that route whether his travel had a business purpose or not. "Under the 'dual purpose' principle, respondeat superior liability does not attach where the business purpose did not create the necessity for being on that route" *(Greer v Ferrizz,* 118 AD2d 536, 538).

Order and judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Mercure and Harvey, JJ., concur.