■ Donald A. Swartzlander, Jr., Appellant, v Forms-Rite Business Forms & Printing Service, Inc., Respondent, et al., Defendant.—Order affirmed without costs. Memorandum: Plaintiff was injured when his vehicle was struck from the rear by a vehicle owned and operated by defendant George Mintzer. The accident occurred during Mintzer's normal business day as a salesperson for defendant Forms-Rite Business Forms & Printing Service, Inc. (Forms-Rite). It is undisputed, however, that at the time of the accident Mintzer was on a purely personal errand. The complaint sought recovery from Forms-Rite on the theory of respondeat superior. Supreme Court granted Forms-Rite's motion for summary judgment and dismissed the complaint as to it. We affirm.

The doctrine of respondeat superior renders an employer

vicariously liable for a tort committed by an employee while acting within the scope of employment *(see, Riviello v Waldron,* 47 NY2d 297, 302; *Lundberg v State of New York,* 25 NY2d 467, 470, *rearg denied* 26 NY2d 883). The general rule is that an employee acts within the scope of his employment when he is acting in furtherance of the duties owed to the employer and where the employer is or could be exercising some degree of control, directly or indirectly, over the employee's activities *(see, Lundberg v State of New York, supra,* at 470; *Matos v Depalma Enters.,* 160 AD2d 1163, 1163-1164; *Bazan v Bohne,* 144 AD2d 168, 169). Where, as here, travel was part of the employment, "the crucial test is whether the employment created the necessity for the travel" *(Matos v Depalma Enters., supra,* at 1164).

On this record, it is undisputed that at the time of the accident Mintzer was on a personal errand and the employment did not create the necessity for the travel. Accordingly, Forms-Rite established as a matter of law that Mintzer was not acting within the scope of his employment at the time the accident occurred and, therefore, Forms-Rite cannot be held liable under the theory of respondeat superior.

All concur, except Dillon, P. J., and Lowery, J., who dissent and vote to reverse and deny the motion, in the following Memorandum.

Dillon, P. J., and Lowery, J. (dissenting). We respectfully dissent. Although plaintiff's accident occurred while defendant Mintzer was on a personal errand, the facts of this case establish that Mintzer was required to drive his own vehicle as part of his employment, that the accident occurred during Mintzer's normal working hours, that, just prior to his personal errand, Mintzer had undertaken employment related errands and that it was neither unusual nor prohibited for employees like Mintzer to perform personal errands while out on employment related errands. On these particular facts, whether Mintzer was acting within the scope of his employment at the time of the accident is a question that must be left to the trier of fact *(see, Riviello v Waldron,* 47 NY2d 297, 303; *Bazan v Bohne,* 144 AD2d 168, 169-170; 1 NY PJI2d 398-399 [1990 Supp]). Moreover, it cannot be said, as a matter of law, that Mintzer would not have been involved in the accident had he not been required to perform the employment related errands *(see, Matter of Marks v Gray,* 251 NY 90, 93-94; *Matos v Depalma Enters.,* 160 AD2d 1163, 1164). Accordingly, we would reverse the order of Supreme Court and reinstate plaintiff's complaint against defendant Forms-Rite

Business Forms & Printing Service. (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Dillon, P. J., Denman, Lawton, Lowery and Davis, JJ.