■ DIANE L. SHUMWAY, as Administrator of the Estate of DINA M. SHUMWAY, Deceased, Appellant, v GENEVA GENERAL HOSPITAL, Respondent. (Action No. 1.) DANIEL C. RAPINI, Appellant, v GENEVA GENERAL HOSPITAL, Respondent. (Action No. 2.) [649 NYS2d 288] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted the motion of defendant, Geneva General Hospital (Hospital), for summary judgment dismissing the complaints. The Hospital established its entitlement to judgment as a matter of law that it was not vicariously liable for the tortious acts of its employee and plaintiffs failed to raise an issue of fact (*see, Swartzlander v Forms-Rite Bus. Forms & Print. Serv.*, 174 AD2d 971, 972, *affd* 78 NY2d 1060). An employer generally is not liable for an employee's negligence while the employee is traveling to or from work because the element of control is lacking (*see, D'Amico v Christie*, 71 NY2d 76, 88; *Lundberg v State of New York*, 25 NY2d 467, 471, *rearg denied* 26 NY2d 883; *Matos v Depalma Enters.*, 160 AD2d 1163, 1164; *Pugsley v Seneca Foods Corp.*, 145 AD2d 953). The fact that the employee, a nurse, was driving to work after having been called in as a result of a high patient census in her unit of the Hospital does not take this case out of the general rule. The employee was not being compensated for her "on-call" status or for the commute, the work was being performed during the employee's regularly scheduled shift and the employer had no control over the means by which the employee traveled to work (*see, Ehlenfield v State of New York,* 62 AD2d 1151, 1152, *lv denied* 44 NY2d

649; *see also, Lundberg v State of New York, supra,* at 471; *Sherar v B & E Convalescent Ctr.,* 49 Cal App 3d 227, 122 Cal Rptr 505; *cf., Evington v Forbes,* 742 F2d 834). (Appeals from Order of Supreme Court, Seneca County, Bender, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Callahan, Doerr and Boehm, JJ.