■ Janette M. Cicatello et al., Respondents, v R.J. Sobierajski et al., Defendants, and Buffalo Bills, Inc., Appellant. [743 NYS2d 781] —Appeal from that part of an order of Supreme Court, Erie County (Howe, J.), entered February 5, 2001, that denied in part the motion of defendant Buffalo Bills, Inc. for summary judgment.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the amended complaint against defendant Buffalo Bills, Inc. is dismissed.

Memorandum: Plaintiffs commenced this action seeking to recover damages for injuries sustained by Janette M. Cicatello (plaintiff) when her vehicle collided with a vehicle operated by defendant R.J. Sobierajski and owned by defendant James A. Sobierajski (collectively, Sobierajskis). Plaintiffs allege that Buffalo Bills, Inc. (defendant) is vicariously liable for the negligence of the Sobierajskis, who at the time of the accident were commuting home from their part-time jobs as game-day concessionaires of souvenirs and other novelty merchandise

and who were carrying "excess merchandise" from the stadium to their home for storage between games.

Supreme Court erred in failing to grant in its entirety the motion of defendant for summary judgment dismissing the amended complaint against it. "An employer generally is not liable for an employee's negligence while the employee is traveling to or from work because the element of control is lacking" (*Shumway v Geneva Gen. Hosp.,* 233 AD2d 868, 868; *see D'Amico v Christie,* 71 NY2d 76, 88). In cases such as this, involving allegedly employment-related travel, " 'the crucial test is whether the employment created the necessity for the travel' " (*Swartzlander v Forms-Rite Bus. Forms & Print. Serv.,* 174 AD2d 971, 972, *affd for reasons stated* 78 NY2d 1060, quoting *Matos v Depalma Enters.,* 160 AD2d 1163, 1164), i.e., the need to be on the particular route on which the accident occurred (*see Greer v Ferrizz,* 118 AD2d 536, 538, citing *Matter of Marks v Gray,* 251 NY 90). Under that "dual purpose principle," "[i]f the travel would still have occurred even [if] the business purpose [had been] canceled, then the employer cannot be held liable (*see, Bazan v Bohne,* 144 AD2d 168, 170)" (*Matos,* 160 AD2d at 1164 [internal quotation marks omitted]). We thus conclude as a matter of law (*see generally Tenczar v Richmond,* 172 AD2d 952, 953, *lv denied* 78 NY2d 859; *McBride v County of Schenectady,* 110 AD2d 1000, 1001) that the Sobierajskis were not acting in furtherance of defendant's business or within the scope of the employment relationship at the time of the accident (*see Lundberg v State of New York,* 25 NY2d 467, 471-472, *rearg denied* 26 NY2d 883; *Shumway,* 233 AD2d at 868-869; *Swartzlander,* 174 AD2d at 972; *Matos,* 160 AD2d at 1164). Present—Pine, J.P., Wisner, Kehoe, Burns and Lawton, JJ.