■ RAYMOND SWIERCZYNSKI et al., Respondents, v JOAN O'NEILL et al., Respondents, and COUNTY OF ERIE, Appellant. (Appeal No. 1.) [836 NYS2d 475]—Appeal from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered January 11, 2006 in a personal injury action. The order, insofar as appealed from, denied the cross motion of defendant County of Erie seeking summary judgment dismissing the amended complaint against it.

Appeal from an order of the Supreme Court, Erie County

(Christopher J. Burns, J.), entered March 3, 2006 in a personal injury action. The order adjudged that defendant County of Erie is liable for the conduct of defendant Joan O'Neill at the time of the accident.

It is hereby ordered that the order so appealed from be and the same hereby is reversed on the law without costs, that part of the motion seeking partial summary judgment against defendant County of Erie is denied, the cross motion is granted and the amended complaint against that defendant is dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by plaintiff Raymond Swierczynski when his vehicle was struck from behind by a vehicle owned and operated by defendant Joan O'Neill (O'Neill). Plaintiffs allege that the County of Erie (defendant) is liable for O'Neill's negligence pursuant to the doctrine of respondeat superior because the accident occurred while O'Neill, who was employed as a child protective caseworker, was en route to her home after having completed her last field appointment for the day. Defendant contends that Supreme Court erred in granting that part of plaintiffs' motion seeking partial summary judgment on liability against it and in denying its cross motion seeking summary judgment dismissing the amended complaint against it. We agree.

"Under the doctrine of *respondeat superior*, an employer will be liable for the negligence of an employee committed while the employee is acting in the scope of his [or her] employment . . . As a general rule, an employee driving to and from work is not acting in the scope of his [or her] employment . . . Although such activity is work motivated, the element of control is lacking. An exception to this rule is[ ] that an employee who uses his [or her] car in furtherance of his [or her] work is acting in the scope of his [or her] employment while driving home from his [or her] last business appointment, since such a person is working, and is under his [or her] employer's control, from the time he [or she] leaves the house in the morning until he [or she] returns at night" (*Lundberg v State of New York*, 25 NY2d 467, 470-471 [1969], *rearg denied* 26 NY2d 883 [1970]; *see D'Amico v Christie*, 71 NY2d 76, 88 [1987]).

In granting that part of plaintiffs' motion with respect to defendant, the court determined that the *Lundberg* exception is applicable here because O'Neill was traveling on the highway where the accident occurred because of her last business appointment, which was in a location that caused her to take a route that she would not otherwise have taken. That was error. The doctrine of respondeat superior as it relates to an employee

using his or her vehicle applies only where the employee is under the control of his or her employer from the time that the employee enters his or her vehicle at the start of the workday until the employee leaves the vehicle at the end of the workday as in the case, for example, of a traveling salesperson or repairperson (*see e.g. Lundberg*, 25 NY2d at 471; *Burdo v Metropolitan Life Ins. Co.*, 254 App Div 26, 27-28 [1938], *affd* 279 NY 648 [1938]; *McBride v County of Schenectady*, 110 AD2d 1000, 1001 [1985]; *Shauntz v Schwegler Bros., Inc.*, 259 App Div 446 [1940]). Here, O'Neill was under defendant's control only after she arrived at the office each morning at 9:00 A.M. While her job routinely required her to travel to appointments in the field, her workday ended either at 5:00 P.M., when she was required to sign out of the office, or when she received permission to leave for the day from her last field appointment. At the time of the accident, O'Neill had received permission from her supervisor to leave for the day following her last field appointment. Once she received that permission, she was no longer acting in furtherance of any duty that she owed to defendant and was no longer under defendant's control (*see Howard v Hilton*, 244 AD2d 912, 912-913 [1997], *lv denied* 91 NY2d 809 [1998]).

We further conclude on the record before us that the court erred in implicitly applying the " 'dual purpose principle' " of the respondeat superior doctrine to this case by considering that O'Neill was traveling to her home by a route different from the route she ordinarily traveled (*Cicatello v Sobierajski*, 295 AD2d 974, 975 [2002]). The applicability of the dual purpose doctrine, rendering an employer liable for an employee's conduct while the employee is traveling for both personal and business reasons simultaneously, depends on "whether the employment created the necessity for travel" (*id.* [internal quotation marks omitted]; *see generally Matter of Marks v Gray*, 251 NY 90, 93-94 [1929]; *Clark v Hoff Bros. Refuse Corp.*, 72 AD2d 936 [1979]). The issue whether the employee would have been traveling on that route if he or she did not have a business purpose is considered only if a determination is made that there was in fact a dual purpose for the travel (*see Cicatello*, 295 AD2d at 975; *Greer v Ferrizz*, 118 AD2d 536, 538 [1986]).

The dissent concludes that the *Lundberg* exception is applicable to this case because O'Neill would not have been traveling the route on which the accident occurred but for her employment and thus that "the crucial test . . . whether the employment created the necessity for the travel" was met (*Cicatello*, 295 AD2d at 975 [internal quotation marks omitted]). In our

view, that conclusion is erroneous because the "crucial test" is applied only when it has been determined that there was a dual purpose for the travel, i.e., business and personal (*id.*; *see Greer*, 118 AD2d at 538; *see generally Marks*, 251 NY at 93-94). Here, O'Neill was no longer acting in furtherance of her duty to defendant at the time of the accident, and she therefore was not traveling for business reasons at that time (*see Cicatello*, 295 AD2d at 975; *Greer*, 118 AD2d at 538). Thus, the fact that she was traveling on a route different from the route that she took to her home from the office is not relevant (*cf. Greer*, 118 AD2d at 538).

We therefore conclude that defendant met its burden on the cross motion by establishing that it was not liable for O'Neill's conduct at the time of the accident, and plaintiffs failed to defeat the cross motion inasmuch as they failed to raise an issue of fact whether the doctrine of respondeat superior applies (*see Lundberg*, 25 NY2d at 470-471; *Howard*, 244 AD2d at 912-913; *cf. Berger v Burlin & Jones*, 43 AD2d 528 [1973], *affd* 34 NY2d 896 [1974]; *McBride*, 110 AD2d at 1001).

All concur except Fahey, J., who dissents and votes to affirm in the following memorandum.

Fahey, J. (dissenting). I respectfully dissent. The facts in this case are not in dispute. On October 28, 2002, defendant Joan O'Neill (O'Neill) was employed as a child protective worker for the Department of Social Services of Erie County (defendant). At 1:45 P.M. on the date of the accident, O'Neill signed out of defendant's office building in downtown Buffalo to conduct her afternoon field visits. Upon completing her field visits at approximately 3:00 P.M., O'Neill obtained permission from her supervisor to leave work for the day. The collision occurred as O'Neill was driving home after her last field visit; she was not driving home from defendant's office building.

In my view, the *Lundberg* exception applies under the circumstances of this case (*see Lundberg v State of New York*, 25 NY2d 467 [1969], *rearg denied* 26 NY2d 883 [1970]). "As a general rule, an employee driving to and from work is not acting within the scope of his [or her] employment . . . Although such activity is work motivated, the element of control is lacking. An exception to this rule is that an employee who uses his [or her] car in furtherance of his [or her] work is acting in the scope of his [or her] employment while driving home from his [or her] last business appointment, since such a person is working, and is under his [or her] employer's control, from the time he [or she] leaves the house in the morning until he [or she] returns at night" (*id.* at 471). The majority implicitly concludes that the

*Lundberg* exception applies only where the employee's vehicle is in essence the employee's office, i.e., in the case of a traveling salesperson or repairperson. I cannot agree.

According to the reasoning of the majority, once O'Neill received permission to travel home, she was no longer under defendant's control and the doctrine of respondeat superior therefore does not apply. In my view, that reasoning is flawed. "In cases such as this, involving allegedly employment-related travel, the crucial test is whether the employment created the necessity for travel . . . , i.e., the need to be on the particular route on which the accident occurred" (*Cicatello v Sobierajski*, 295 AD2d 974, 975 [2002]; *see Greer v Ferrizz*, 118 AD2d 536, 538 [1986]; *see generally Matter of Marks v Gray*, 251 NY 90, 93-94 [1929]). Here, O'Neill was traveling a route that was different from the route she would have traveled had she left for home from defendant's office building. The route was dictated by her employment. But for the fact of her final field visit, she would not have been traveling the route on which the accident occurred (*cf. Cicatello*, 295 AD2d 974 [2002]). This case presents a textbook example of employment-related travel. Present— Scudder, P.J., Hurlbutt, Centra, Fahey and Green, JJ.