■ JOSEPH JACOBI, Appellant, v BRIAN K. FISH et al., Defendants, and ROTO-ROOTER, INC., et al., Respondents. [889 NYS2d 331]—

Appeal from an order of the Supreme Court, Erie County (Gerald J. Whalen, J.), entered September 2, 2008 in a personal injury action. The order granted the motion of defendants-respondents for summary judgment and denied the cross motion of plaintiff for partial summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when his vehicle collided with a

van owned and operated by defendant Brian K. Fish, who was employed by defendants-respondents (hereafter, defendants). According to plaintiff, Fish was acting within the scope of his employment at the time of the collision and defendants therefore are vicariously liable for his negligence based on the doctrine of respondeat superior. Supreme Court granted the motion of defendants for summary judgment dismissing the complaint against them and denied plaintiff's cross motion for partial summary judgment on liability based on the doctrine of respondeat superior. We affirm.

We conclude that defendants met their initial burden by establishing as a matter of law that Fish was not acting within the scope of his employment at the time of the collision and thus that they did not exercise control over Fish at the time of the collision (*see Lundberg v State of New York*, 25 NY2d 467, 470-471 [1969], *rearg denied* 26 NY2d 883 [1970]), and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "The doctrine of respondeat superior as it relates to an employee using his or her vehicle applies only where the employee is under the control of his or her employer from the time that the employee enters his or her vehicle at the start of the workday until the employee leaves the vehicle at the end of the workday as in the case, for example, of a traveling salesperson or repairperson" (*Swierczynski v O'Neill* [appeal No. 2], 41 AD3d 1145, 1146-1147 [2007], *lv denied* 9 NY3d 812 [2007]).

In support of their motion, defendants submitted evidence establishing that the collision occurred after Fish had notified the dispatcher that he was finished working for the day. Indeed, it is undisputed that the accident occurred after Fish had driven a coworker home, in accordance with a personal arrangement between Fish and the coworker (*see Howard v Hilton*, 244 AD2d 912 [1997], *lv denied* 91 NY2d 809 [1998]).

Although an employer may be held vicariously liable for an employee's negligence when traveling to or from work if there was a "dual purpose" to the travel, i.e., the employment created "the need to be on the particular route on which the accident occurred" (*Cicatello v Sobierajski*, 295 AD2d 974, 975 [2002]; *see Swartzlander v Forms-Rite Bus. Forms & Print. Serv.*, 174 AD2d 971, 972 [1991], *affd* 78 NY2d 1060 [1991]), that is not the case herein. Defendants established that they did not direct employees to drive together and that Fish and his coworker agreed to carpool in order to conserve gasoline. It was that cost-sharing agreement between Fish and his coworker that necessitated the travel at the time of the collision, rather than Fish's employment with defendants.

Thus, "[a]lthough the issue whether an employee is acting within the scope of his or her employment generally is one of fact, it may be decided as a matter of law in a case such as this, in which the relevant facts are undisputed" (*Carlson v Porter* [appeal No. 2], 53 AD3d 1129, 1131 [2008], *lv denied* 11 NY3d 708 [2008]). Present—Centra, J.P., Fahey, Peradotto, Carni and Gorski, JJ.