# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1066**
**CA 12-00482**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, LINDLEY, AND MARTOCHE, JJ.

TALIA M. ROTH, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

KALEIDA HEALTH, DEFENDANT-RESPONDENT.
(ACTION NO. 1.)
-------------------------------------
PHILLIP LANDI, PLAINTIFF-APPELLANT,

V

KALEIDA HEALTH, DEFENDANT-RESPONDENT.
(ACTION NO. 2.)

LAW OFFICE OF J. MICHAEL HAYES, BUFFALO (J. MICHAEL HAYES OF COUNSEL), FOR PLAINTIFF-APPELLANT PHILLIP LANDI.

LAW OFFICES OF EUGENE C. TENNEY, BUFFALO (COURTNEY G. SCIME OF COUNSEL), FOR PLAINTIFF-APPELLANT TALIA M. ROTH.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (R. ANTHONY RUPP, III, OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-------------------------------------------------------------------------------------

Appeals from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered September 30, 2011 in personal injury actions. The order denied the motion of plaintiff Talia M. Roth for summary judgment, granted the motion and cross motion of defendant for summary judgment and dismissed the complaints.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced these actions seeking damages for injuries they sustained when they were struck by a motor vehicle while they were crossing the street at an intersection. The vehicle was driven by defendant's employee, an "on-call" nurse who was traveling home from the hospital at the time of the accident. Supreme Court properly granted defendant's "motion and cross motion" for summary judgment dismissing the complaint in action No. 2 and the complaint in action No. 1, respectively. " 'An employer generally is not liable for an employee's negligence while the employee is traveling to or from work because the element of control is lacking' " (*Cicatello v Sobierajski*, 295 AD2d 974, 975; *see D'Amico v Christie*, 71 NY2d 76, 88). In cases such as this, involving allegedly

employment-related travel, " 'the crucial test is whether the employment created the necessity for the travel' " (*Swartzlander v Forms-Rite Bus. Forms & Print. Serv.*, 174 AD2d 971, 972, *affd* 78 NY2d 1060), i.e., the need to be on the particular route on which the accident occurred (*see Greer v Ferrizz*, 118 AD2d 536, 538). Under the dual purpose principle, "[i]f the travel would still have occurred even [if] the business purpose [had been] canceled, then the employer cannot be held liable" (*Matos v Michele Depalma Enters.*, 160 AD2d 1163, 1164). Here, while defendant may have been able to exercise some degree of control over its employee at the time of the accident because he was "on-call," defendant did not create the necessity for the employee to take any particular route home after leaving the hospital. We thus conclude as a matter of law that the employee's activities were not being controlled by defendant, nor was the employee acting in furtherance of any duties owed to defendant by returning home (*see Lundberg v State of New York*, 25 NY2d 467, 471-472, *rearg denied* 26 NY2d 883; *Swartzlander*, 174 AD2d at 972; *Matos*, 160 AD2d at 1164; *see generally Tenczar v Richmond*, 172 AD2d 952, 952-953, *lv denied* 78 NY2d 859).

Entered: September 28, 2012

Frances E. Cafarell
Clerk of the Court