# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**972**

**CA 16-00302**

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

MICHELLE M. FIGURA AND MATTHEW FIGURA,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

TIMOTHY W. FRASIER, DEFENDANT-RESPONDENT,
AND ZAYACHEK MECHANICAL, LTD., DEFENDANT-APPELLANT.

---

LAW OFFICES OF JOHN WALLACE, BUFFALO (JOHN WALLACE OF COUNSEL), FOR
DEFENDANT-APPELLANT.

WALSH, ROBERTS & GRACE, BUFFALO (MARK P. DELLA POSTA OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Niagara County (Mark Montour, J.), entered September 22, 2015. The order denied the motion of defendant Zayachek Mechanical, Ltd., for summary judgment dismissing the complaint and all cross claims against it.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion of defendant Zayachek Mechanical, Ltd. is granted, and the complaint and all cross claims against that defendant are dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for injuries Michelle M. Figura (plaintiff) allegedly sustained when her vehicle was rear-ended by a vehicle owned and operated by defendant Timothy W. Frasier, who was employed by Zayachek Mechanical, Ltd. (defendant). According to plaintiffs, Frasier was acting within the scope of his employment at the time of the collision, and defendant is therefore vicariously liable for Frasier's alleged negligence based on the doctrine of respondeat superior. Defendant moved for summary judgment dismissing the complaint and all cross claims against it on the ground that Frasier was not acting within the scope of his employment at the time of the accident. We conclude that Supreme Court erred in denying the motion.

"Under the doctrine of *respondeat superior*, an employer will be liable for the negligence of an employee committed while the employee is acting in the scope of his [or her] employment . . . As a general rule, an employee driving to and from work is not acting in the scope of his [or her] employment . . . Although such activity is work motivated, the element of control is lacking" (*Lundberg v State of New York*, 25 NY2d 467, 470-471, *rearg denied* 26 NY2d 883; *see Swierczynski*

*v O'Neill* [appeal No. 2], 41 AD3d 1145, 1146-1147, *lv denied* 9 NY3d 812; *see also D'Amico v Christie*, 71 NY2d 76, 88).  "Although the issue whether an employee is acting within the scope of his or her employment generally is one of fact, it may be decided as a matter of law in a case such as this, in which the relevant facts are undisputed" (*Carlson v Porter* [appeal No. 2], 53 AD3d 1129, 1131, *lv denied* 11 NY3d 708).

Here, defendant established that Frasier was driving his "personally owned motor vehicle" from his temporary residence to his work site (*Pugsley v Seneca Foods Corp.*, 145 AD2d 953, 953; *see Correa v Baptiste*, 303 AD2d 355, 355), that he was not compensated for his commute (*see Rapini v Geneva Gen. Hosp.*, 233 AD2d 868, 868-869), and that he was not "subject to control in how he chose to convey himself" to work (*Tortora v LaVoy*, 54 AD2d 1036, 1037; *see Matos v Depalma Enters.*, 160 AD2d 1163, 1164).  Defendant thus established that it was not exercising any control over Frasier at the time of the accident (*see Lundberg*, 25 NY2d at 470-471; *cf. Makoske v Lombardy*, 47 AD2d 284, 287-288, *affd* 39 NY2d 773).

We conclude that plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Contrary to plaintiffs' contention, the mere fact that Frasier carried his own tools in his vehicle was insufficient to "transform the use of the automobile into a special errand [for defendant] or an extension of the employment" (*Matter of Freebern v North Rockland CDA.*, 64 AD2d 300, 303; *cf. Clark v Hoff Bros. Refuse Corp.*, 72 AD2d 936, 937; *Shauntz v Schwegler Bros., Inc.*, 259 App Div 446, 450; *see generally Matter of Trent*, 20 AD2d 948, 948-949).  Moreover, the fact that Frasier drove a coworker to work that morning is of no significance because he was not directed to do so, and the carpool was based on the employees' "personal arrangement" (*Jacobi v Fish*, 67 AD3d 1376, 1377; *see Howard v Hilton*, 244 AD2d 912, 913, *lv denied* 91 NY2d 809; *cf. Makoske*, 47 AD2d at 287-288).  Finally, the fact that defendant paid for lodging for Frasier while he was at a remote work site also does not require a different finding inasmuch as defendant did not require its employees to stay at the procured hotel, and the employees did not have "to inform defendant of their whereabouts [outside of working hours]" (*Crawford v Westcott Steel Co.*, 188 AD2d 731, 732).  We therefore conclude that Frasier was not engaged in employment-related travel at the time of the accident, and thus plaintiffs' reliance on the dual purpose doctrine is misplaced (*see Swierczynski*, 41 AD3d at 1147; *cf. Margolis v Volkswagen of Am., Inc.*, 77 AD3d 1317, 1319).  We further conclude that plaintiffs failed to raise a triable issue of fact whether defendant "ha[d] some special interest or derive[d] some special benefit from [Frasier's] use of [his personal] automobile in going to and from work" (*Fitzgerald v Lyons*, 39 AD2d 473, 475; *see Ehlenfield v State of New York*, 62 AD2d 1151, 1152, *lv denied* 44 NY2d 649).

Although plaintiffs submitted evidence that Frasier informed his insurance company that he "was out of town working at the time of the accident," that statement, alone, does not raise a triable issue of

fact inasmuch as "[i]t is the employer and not the employee who must establish the scope of the employee's employment activities . . . [T]his is not controlled by the employee's belief[s]" (*Matter of Tally v Newberry Co.*, 30 AD2d 898, 899, *affd* 25 NY2d 945).

Entered:  November 10, 2016                    Frances E. Cafarell
                                               Clerk of the Court